480 P.2d 464

**W. P. HARLIN CONSTRUCTION COMPANY, Plaintiff,**

v.

**The CONTINENTAL BANK & TRUST COMPANY, Cross-Claimant and Respondent,**

v.

**George Stanley, Appellant.**

**No. 12180.**

Supreme Court of Utah.

Feb. 4, 1971.

---

1. McCall v. Kendrick, 2 Utah 2d 364, 274 P.2d 962 (1954).

E. J. Skeen, of Skeen & Skeen, Salt Lake City, for appellant.

Albert J. Colton, of Fabian & Clendenin, Salt Lake City, for respondent.

PER CURIAM:

This is an appeal from a judgment against George Stanley in favor of the Continental Bank. This case was before us in 23 Utah 2d 422, 464 P.2d 585 (1970), and we affirmed the trial court's judgment based on findings and conclusions entered on a voluminous record exceeding 600 pages.

The appellant here was president and manager of the Stanley Title Co., escrow that the trial court held had erroneously disbursed a part of funds earmarked for a construction project. That company was held liable to the plaintiff because of the said disbursement, effected by its co-defendant, Mr. Stanley, against both of whom the judgment was entered jointly and severally, as also against the bank that was a party to the disbursement. The judgment also very clearly and specifically decreed that "Upon payment of this judgment by Continental * * * to plaintiff, Continental * * * do have and recover from Stanley Title Co. *and* George Stanley, jointly and severally, the sum of $10,-503.60 with interest on said sum at the rate of 8% per annum from the date hereof until paid." This part of the judgment ap-

pears to have been entered in favor of the bank "on its cross-complaint against Stanley Title Co. *and* George Stanley."

Although this judgment was clear and specific, and although Mr. Stanley, whose erroneous disbursement gave rise to the action and judgment in favor of the contractor against the bank, the title company *and* Stanley personally, and the judgment on the cross-complaint against the title company *and* Stanley personally, the latter, himself an attorney, and the most frequent attendant at all important stages of the protracted procedure and trial of this case, and a prime witness therein, not once, nor did his attorney, question the above judgments on the basis of lack of jurisdiction of the trial court to enter the same,—by motion to amend, motion to vacate, by extraordinary writ or otherwise. In fact, Mr. Stanley, well within the time for appeal, filed a written notice of appeal "from the judgment in favor of the plaintiff * * * and in favor of the defendant * * * Bank * * * and against the defendants, Stanley Title Co. *and* George Stanley."

In Mr. Stanley's brief on appeal in that case there was no point made with respect to the trial court's lack of jurisdiction or with respect to any claim that the judgment on the cross-complaint in favor of the Bank *and* against Stanley was erro-

neous or void for *such* reason as against the Stanley Co. *or* Stanley personally. On the contrary, the brief of the Bank, dated July 18, 1969, at least specifically called attention, in Point IV thereof, of its claim against Stanley *personally* by asserting that "If plaintiff's judgment against defendants Stanley is affirmed, *then* the bank's judgment against said defendants must also be affirmed." At this juncture and with this obvious alert to anyone reading the brief of the bank's claim, Stanley filed his brief on appeal on August 14, 1969, almost a month later, making no argument against said Point IV on jurisdictional or other grounds, and again about four months later, in a Reply Brief filed on November 12, 1969, failed to take any issue with Point IV, supra. The decision in that case was handed down over two months later on January 22, 1970, affirming the trial court's judgment. Thereafter, during the period allowed for filing a petition for rehearing, Mr. Stanley still did not raise any jurisdictional question by petition for rehearing.[1]

On the basis of the lengthy record and the background of procedure and events mentioned supra, this court quite justifiably had reason to believe or was led to believe that any claim of lack of jurisdiction long since had been waived by Mr. Stanley, a lawyer himself and highly active

1. See Lepasiotes v. Dinsdale, 121 Utah 359, 242 P.2d 297 (1952).

participant as defendant, witness, president and general manager of Stanley Title Co.,—or that by his action and conduct, either he actually conferred jurisdiction on the court by direct representation or by necessary implication. Besides all this, the court feels. that Mr. Stanley, having first-hand knowledge as to all the pleadings, the claims asserted, and the clear wording of the judgment entered, had a duty as practitioner and officer of this and the trial courts, to have disclosed, long since, any jurisdictional question,—not for the first time after the limitations statute appears applicable, and after failing to petition for rehearing under our rules.

There is no claim made for relief on the ground of inadvertence, excusable neglect, surprise, and the like, and little or no basis to urge it, and it would appear that the present appeal is an unwarranted after-thought, not lending itself to the established principles that litigation should come to an end as quickly as expediency will justify, that cases are not retriable piece-meal because of unexplained and unwarranted oversight in presenting or defending issues, or in failing to point them out, making it impossible or unfair in preventing an opportunity for an adversary to meet them.

·We think that the appellant not only invites error here without merit, but long since invited the court to assume jurisdiction, and now cannot in equity and good conscience attempt to use his own conduct to obtain statutory immunity from liability by statutory limitations. Even if the statute were not a defense, and a cause of action were possible, it is difficult to see how, under the facts and admissions and testimony cemented in the record of this case, the resultant liability would differ. (All emphasis added.)

We affirm the judgment of the trial court and reaffirm our former opinion mentioned above, with costs to respondent.