485 P.2d 1400

STANLEY TITLE COMPANY, a corporation, Plaintiff and Appellant,

v.

The CONTINENTAL BANK AND TRUST COMPANY, a corporation, Defendant and Respondent.

No. 12271.

Supreme Court of Utah.

June 14, 1971.

George B. Stanley, Heber City, for plaintiff-appellant.

Albert Colton of Fabian & Clendenin, Salt Lake City, for defendant-respondent.

CALLISTER, Chief Justice:

This appeal completes a trilogy arising from an original action in which Harlan Construction Company was granted judgment against Continental Bank And Trust Company and Stanley Title Company and George Stanley; Continental Bank was awarded judgment on its cross-claim against Stanley Title Company and George Stanley. This court affirmed the judgment of the trial court in an opinion in 23 Utah 2d 422, 464 P.2d 585 (1970). One of the provisions of the original judgment specified that upon payment of this judgment by Continental Bank to plaintiff Harlin Construction, Continental was to have and to recover from Stanley Title Company and George Stanley, jointly and severally, the sum of $10,503.60, with interest from the date thereof until paid.

Thereafter Continental Bank paid Harlin Construction, and a satisfaction of judgment was filed. Based on the foregoing, judgment was entered in favor of Continental Bank and against Stanley Title Company and George Stanley, jointly and severally, on February 26, 1970. George Stanley appealed from this judgment, asserting that the trial court lacked jurisdiction to enter judgment against him in his individual capacity on Continental's cross-claim. This court affirmed the judgment of the trial court in an opinion in 25 Utah 2d 271, 480 P.2d 464 (1971).

Stanley Title Company elected not to participate in the second appeal but rather initiated an independent equitable proceeding to have the judgment vacated on the ground that it was void on its face for want of due process of law. Defendant

filed a motion to dismiss on the ground that plaintiff's complaint failed to state a claim upon which relief could be granted. In connection with this motion, the trial court considered the files in the previous stages of litigation and based thereon granted defendant summary judgment. Rule 12(b), U.R.C.P. Plaintiff appeals therefrom.

In its pleadings, plaintiff alleged that the judgment rendered on February 26, 1970, was void in the following particulars:

(a) The cross-claim in the original action was contingent on the outcome of the principal action and did not state an existing claim upon which relief could be granted;

(b) No findings of fact, conclusions of law, or decree were offered or filed by the cross-complainant;

(c) Cross-complainant abandoned the action by counsel making a motion to dismiss at the close of plaintiff's case in chief;

(d) The judgment of February 26, 1970, was a nullity because it was based on a prior judgment that had been satisfied, and any further recovery would be in excess of the jurisdiction of the court.

Without unduly prolonging this opinion, it should be observed, parenthetically, that the arguments advanced in the recited particulars are specious. Rule 13(f), U.R.C. P., specifies that a cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant. Under Rule 13(f), U.R.C.P., it is no longer necessary that the liability sued upon in the cross-claim must first have become fixed by a judgment as at common law.[1]

Plaintiff's entire action was predicated on a claim that the judgment was void on its face.

A judgment * * * is valid if

(a) the State in which it is rendered has jurisdiction to subject the parties and the subject matter to its control; and

(b) a reasonable method of notification is employed and reasonable opportunity to be heard is afforded to persons affected; and

(c) it is rendered by a court with competency to render it; and

(d) there is compliance with such requirements as are necessary for the valid exercise of power by the court.[2]

Plaintiff's claim does not assert any of the grounds upon which a judgment can be declared void but merely asserts alleged errors of law which could have been correct-

1. 1–A Barron and Holtzoff, Federal Practice and Procedure, Sec. 397, p. 601.

2. Restatement of the Law, Judgments, Sec. 4, pp. 19–20.

ed through ordinary judicial procedure (motions before the trial court and appellate review). The judgment of the trial court is affirmed. Costs are awarded to defendant.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.