ZIONS FIRST NATIONAL BANK, a National Association and United Bank, a Utah Corporation, Plaintiffs and Respondents,

v.

The C'EST BON VENTURE, a Utah limited partnership; Leonard Jarosz; G. Bruce Breinholt and Marie L. Breinholt, his wife; Richard Ringwood; Welden L. Daines and Mary L. Daines, his wife; et al., Defendants and Appellants.

Architects Planners Alliance, a Utah Corporation, Defendant and Respondent.

No. 16315.

Supreme Court of Utah.

June 9, 1980.

---

Ronald C. Barker, Salt Lake City, for defendants and appellants.

Milo S. Marsden, Jr., Salt Lake City, for plaintiffs and respondents.

MAUGHAN, Justice:

This is an appeal from an order of the district court striking finding of fact, number 22, under a Rule 52(b), U.R.C.P. motion. Respondent, Architects Planners Alliance (Architects, hereafter) concedes the entire finding should not have been stricken, but urges this court to modify the order and sustain the remainder. The order is reversed, for the motion to amend the findings should have been denied. All references are to Utah Rules of Civil Procedure, unless noted otherwise.

This action involved a multi-party complex foreclosure action of a resort hotel in Park City, Utah. Architects filed an action in three counts seeking compensation for architectural services rendered. One of the counts was to foreclose a mechanic's lien, and Architect's case was consolidated into this action. The other two counts pleaded failure to procure a bond under Section 14-2-1, U.C.A., 1953, and alleged damages under the contract to render services in the amount of the unpaid balance.

Owing to the complexity of the case, the proposed findings of fact and conclusions of law were submitted to all counsel; a hearing was set to hear any objections prior to entry of judgment. This hearing was held on June 19, 1978, before Judge Baldwin, who declined to rule on any motions and deferred all action to Judge Hanson, who had tried the case. At this hearing Architect's counsel asserted an oral objection to finding of fact, number 22. Judge Baldwin suggested that there should be written objections to the proposed findings and conclusions. Nevertheless, Architect's counsel asserted orally the objection to finding, number 22. Architects also asserted an objection concerning the fact a stipulation had not been included in the findings. Judge Baldwin stated that these matters should be before Judge Hanson. At the Court's request, counsel stipulated a conference could be held in Salt Lake City before Judge Hanson to resolve the matters.

The next day, June 20, 1978, the judgment was entered. On June 21, 1978, Architects filed objections to the findings and conclusions, therein one of the objections set forth orally before Judge Baldwin was stated, but no mention of an objection to Finding, number 22 was expressed. Thereafter, on July 21, 1978, a stipulation and order was filed, wherein counsel of record stipulated and agreed, pursuant to the approval of the court that a hearing of "all objections to the Findings of Fact and Conclusions of Law and Judgment and Decree of Foreclosure as heretofore entered by the court may be heard in Salt Lake City, rather than Coalville, Summit County, Utah." Such a hearing was held, and all motions in regard thereto were denied.

Architects filed a motion to amend finding No. 22, pursuant to Rule 52(b), U.R.C.P., on December 4, 1978. The effect of this motion was to reduce to writing the oral motion made before Judge Baldwin on June 19, 1978. A copy of the transcript of that hearing was incorporated. The motion was heard on December 18, 1978, at Coalville, Utah, before Judge Conder (Judge Hanson had retired from the bench). On February 7, 1979, the Court ordered Finding of Fact 22 stricken.

Appellants contend the oral objection of Architects at the June 19, 1978 hearing did not suspend the finality of the judgment so Finding number 22 could be stricken in February 1979.

Rule 52(b) provides:

"Upon motion of a party made not later than ten days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. . . ."

■ Under Rule 73(a), the running of the time for appeal is terminated by a timely motion pursuant to Rule 52(b), and the full time for appeal commences to run and is computed from the entry of an order granting or denying the motion.

"The motion to amend or make additional findings of fact under Rule 52(b) need not, however, await the entry of judgment, but may be made prior thereto."[1]

■ If a Rule 52(b) motion is made before judgment and presents a substantial question, and the motion is not disposed of, either expressly or by necessary implication, by the judgment, the running of the time for taking an appeal is suspended under Rule 73(a) until the court disposes of the motion.[2]

■ Not only did the judgment have the effect of denying the oral motion, but the action of Architects indicated an intention to abandon the motion concerning finding number 22. At the hearing on June 19, Architects asserted two objections to the findings. On June 20, the judgment was entered, and on June 21, Architects filed its motion to amend the findings. In this written motion, one of the objections urged orally at the June 19 hearing was asserted; the objection to finding no. 22 was not mentioned. Subsequently, the trial court ruled on the written motion. Architects must be deemed to have abandoned its motion to amend finding no. 22, when it permitted the trial court to enter a final order denying its written motion to amend without securing a ruling on its claimed pending motion to amend finding no. 22.[3]

■ The Rules of Civil Procedure are so designed as to promote the finality of judgments by an expeditious resolution of any post-judgment motions. The course of conduct advocated by Architects is contrary to this policy, viz., a party cannot indefinitely suspend the finality of a judgment by calling for hearing separately each objection asserted in regard to the judgment.

CROCKETT, C. J., and WILKINS, HALL, and STEWART, JJ., concur.

---

1. 5A Moore's Federal Practice (2nd Ed.), Sec. 52.11[1], p. 2749.

2. *United States v. Pan American World Airways, Inc.*, 5 F.R.Serv.2d 73a–62 Case 1, 299 F.2d 74 (1962).

3. *Martin v. District Court of Comanche County*, Okl., 460 P.2d 898, 899 (1969); 60 C.J.S. Motions & Orders § 42, p. 63.