STATE of Utah, Plaintiff and Respondent,

v.

Roger Clayton SMITH, Defendant and Appellant.

Case No. 880412–CA.

Court of Appeals of Utah.

June 23, 1989.

James L. Shumate, Cedar City, for defendant and appellant.

R. Paul Van Dam and Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

Before DAVIDSON, BILLINGS and ORME, JJ.

## OPINION

BILLINGS, Judge:

Defendant Roger Clayton Smith appeals from his jury conviction of two counts of attempted second degree murder and one count of possession of a weapon by a restricted person. Defendant claims the trial court erred in denying his motion for a new trial and motion to arrest judgment. We affirm.

## FACTS

Defendant, a restricted person, found two teenage boys soaping the windows of and throwing eggs at his friend's daughter's car. Defendant blocked the boys' car and as they attempted to leave, fired sever-

al shots into the car at close range seriously injuring one of the boys.

Based on these events, defendant was convicted by a jury of two counts of attempted second degree murder in violation of Utah Code Ann. § 76–4–101 (1978) and § 76–5–203 (1988), and possession of a weapon by a restricted person in violation of Utah Code Ann. § 76–10–503 (1988). Following his conviction, defendant moved to arrest judgment and for a new trial claiming he was deprived of a fair trial because one of the jurors was threatened by an unknown individual during the trial. The court denied both motions on October 13, 1987, by an unsigned minute entry, and committed defendant to the Division of Corrections for a ninety-day diagnostic evaluation.

Following the initial diagnostic evaluation, the trial court granted defendant's motion to appoint alienists pursuant to Utah Code Ann. §§ 77–16–1, 77–16–2 (1982). The order was granted for the purpose of considering whether defendant 1) was competent to proceed to sentencing, 2) was competent at the time of trial, and 3) suffered from mental disease or defect at the time he committed the crimes. Two alienists, Dr. Louis Moench and Dr. Peter Heinbecker, conducted independent psychiatric evaluations of defendant. Based on the doctors' reports, defendant again moved for a new trial claiming that the reports demonstrated defendant was incompetent to stand trial, and insane at the time he committed the offense. On April 20, 1988, the trial court denied defendant's second motion for a new trial again by an unsigned minute entry.

■ An order of judgment and sentence was signed by the trial court on April 26, 1988. Defendant appeals from this judgment claiming the trial court abused its discretion in denying his various motions. Specifically, defendant claims he is entitled to a new trial due to jury tampering, and on the basis of newly discovered evidence, namely the post-conviction psychiatric evaluations.[1]

---

1. In this appeal, defendant does not renew or

brief his prior claim that he was incompetent to

We first address the State's claim that this court lacks jurisdiction. The State argues defendant appeals from unsigned minute entries denying his motions for a new trial and to arrest judgment, and correctly asserts that an unsigned minute entry is not a final appealable order. *See, e.g., South Salt Lake v. Burton*, 718 P.2d 405, 406 (Utah 1986) (per curiam). However, defendant actually appeals from the trial court's order of judgment and sentence which is a final appealable order, and not the unsigned minute entries. *See, e.g., State v. Gerrard*, 584 P.2d 885, 886 (Utah 1978) (it is the sentence that constitutes a final judgment from which defendant has the right to appeal). Accordingly, the issues are properly before us.

## MOTION FOR A NEW TRIAL

Defendant asserts the trial court erred in denying his motion for a new trial under Utah R.Crim.P. 24(a), which provides that a trial court "may ... grant a new trial in the interest of justice if there is any error or impropriety which had a substantial adverse effect upon the rights of a party." Defendant argues a new trial should have been granted both on the grounds of jury tampering and newly discovered evidence. "[T]he decision to grant or deny a new trial is a matter of discretion with the trial court and will not be reversed absent a clear abuse of that discretion." *State v. Williams*, 712 P.2d 220, 222 (Utah 1985).

### Jury Tampering

Defendant first argues the trial court abused its discretion in denying his motion for a new trial based on jury tampering. Defendant's jury tampering claim is premised on a threatening phone call made to a juror's husband. On the morning of the second day of trial, a juror reported to the court that someone had telephoned her husband while she was in court on the afternoon of the previous day and stated: "If he

is convicted, I'm going to kill all the jurors." Following the juror's disclosure, the trial court ordered a recess and counsel and the juror convened in the trial court's chambers. During the meeting, the trial court asked the juror how she felt about the threatening phone call. The juror responded that she was unaffected by the threat and felt she could continue to serve and fairly deliberate. The trial court also admonished the juror not to discuss the phone call with the other jurors. She agreed and was thereafter excused from chambers.

While still in chambers, the trial court continued discussions with counsel and asked if they were sufficiently assured that the juror was unaffected by the incident. Defense counsel responded, "I don't have any problem with it, your Honor. My client specifically does not want to request the Court for a mistrial and I am not making that motion. I think we need to go forward." On that basis, trial proceeded.

At the close of trial, before the jury was instructed, the trial court questioned each of the jurors individually in his chambers at the request of both counsel. Each juror, except the one previously noted, denied any contact with anyone outside the courtroom about the case. The juror who received the threat responded that she had not been contacted since the first incident. Following discussions concerning the threatening phone call between the court, defense counsel, and defendant in the court's chambers, defendant stated that he would like to proceed with the existing jury and that he expressly did not want a mistrial. After defendant was convicted on all counts, defendant moved for a new trial on the basis that the jury had been influenced by improper contact. Defendant now claims that the trial court abused its discretion in denying his motion.

■ This court is fully aware of the serious nature of a claim that a juror's ability

---

stand trial. However, defendant also claims on appeal that the trial court erred in refusing to arrest judgment on the grounds that defendant was mentally ill. However, defendant's only motion to arrest judgment was submitted on the grounds of improper jury interference. No mo-

tion to arrest judgment was filed before the trial court on the grounds of mental illness and therefore, we refuse to address the issue for the first time on appeal. *See, e.g., State v. Eldredge*, 773 P.2d 29, 34 (Utah 1989); *State v. Steggell*, 660 P.2d 252, 254 (Utah 1983).

to deliberate impartially has been affected through improper contact. *See, e.g., State v. Erickson,* 749 P.2d 620, 621 (Utah 1987); *State v. Pike,* 712 P.2d 277, 279–80 (Utah 1985).[2] However, we find that under these facts, defendant waived his right to object.[3] It is well settled that

> [i]f the complaining party participated therein, or, having knowledge thereof, failed to make timely objection, relief by new trial will not be granted, for the reason that a party will not be allowed either to obtain advantage from his own wrong or to remain silent and speculate upon the chances of a verdict.

*Glazier v. Cram,* 71 Utah 465, 267 P. 188, 190 (1928).

A defendant cannot lead the court into error by failing to object and then later, when he is displeased with the verdict, profit by his actions. *See, e.g., State v. Tillman,* 750 P.2d 546, 561 (Utah 1987) (and cases cited therein). In *Tillman,* the court declared "we reemphasize this Court's past decisions wherein we stated that 'invited error' is procedurally unjustified and viewed with disfavor, especially where ample opportunity has been afforded to avoid such result." *Id.* at 560–61.

Accordingly, we find defendant had two opportunities to move for a mistrial based on the threatening phone call made to the juror. He deliberately and affirmatively refused on both occasions, and therefore defendant waived his right to now complain that he was deprived of the right to trial by an impartial jury.

### Post-Conviction Psychiatric Evaluations

Defendant also claims the trial court erred in refusing to grant his motion for a new trial on the basis of the post-conviction psychiatric evaluations. Defendant claims these reports demonstrate that he could have raised an insanity defense at trial, and therefore, there is a reasonable likelihood of a different verdict.

To qualify as newly discovered evidence justifying a new trial, defendant must demonstrate that the evidence was unknown at the time of trial and could not have been discovered with reasonable diligence. *See, e.g., State v. Williams,* 712 P.2d 220, 222 (Utah 1985). Defendant must also establish that the newly discovered evidence is material in the sense that it might have affected the outcome of the trial. *See, e.g., State v. Worthen,* 765 P.2d 839, 851 (Utah 1988). Moreover, to successfully raise an insanity defense, a defendant must show that due to a mental illness, he "lacked the mental state required as an element of the offense charged." Utah Code Ann. § 76–2–305(1) (1988). Accordingly, we must determine whether the trial court abused its discretion in concluding that 1) the psychiatric evaluations did not demonstrate defendant was unable to form the requisite intent to commit the crimes for which he was ultimately convicted, and 2) the evidence so establishing that fact could not have been discovered with reasonable diligence at or before trial.[4]

After reviewing the psychiatric reports, we are unable to conclude that the trial court abused its discretion in denying defendant's motion for a new trial. Both doctors found that defendant was able to understand the wrongfulness of his conduct and was not precluded by any mental defect from forming the requisite intent to act as he did. Specifically, Dr. Moench concluded, with our emphasis:

> In regard to [defendant's] state of mind at the time of the crime, [defendant] appears to have been both dependent on and toxic on amphetamine to the point of having psychotic delusions of a paranoid type such that he misconstrued the situation he was in and overreacted to it. However, *this did not extend to the*

---

**2.** *See also State v. Larocco,* wherein this author previously emphasized the potential seriousness of improper contact with jurors. 742 P.2d 89, 99–101 (Utah Ct.App.1987) (Billings, J., concurring and dissenting), *cert. granted,* 765 P.2d 1277 (Utah 1988).

**3.** *See generally State v. Anderson,* 65 Utah 415, 237 P. 941, 943 (1925); *State v. Crank,* 105 Utah 332, 142 P.2d 178, 194 (1943) (citing *State v. Anderson* with approval).

**4.** Based on our conclusion discussed below, it is unnecessary to address whether the reports could have been discovered at or before trial.

*degree of not knowing what he did was legally wrong as he hid the rifle afterward and covered up what he had done from the police.*

Similarly, Dr. Heinbecker wrote:

Although [defendant] did not intentionally shoot at the two boys, according to [defendant], he was certainly capable of informing [sic] intent to shoot the boys as he was able to form the intent to shoot out the left rear tire.

Furthermore, although both doctors found that defendant may have been influenced by stimulants voluntarily ingested the night of the shooting, even taking their concerns as conclusive does not entitle defendant to an insanity defense. *See* Utah Code Ann. § 76–2–305(3) (1988) (acting under the influence of voluntarily ingested substances at the time of an offense does not excuse criminal responsibility due to mental illness). Accordingly, we find the trial court did not abuse its discretion in concluding that the two psychiatric reports did not constitute "new evidence" justifying a new trial.

Based on the foregoing, we find the trial court did not abuse its discretion in denying defendant's motion for a new trial and to arrest judgment. Accordingly, defendant's convictions are affirmed.

DAVIDSON and ORME, JJ., concur.