1999 UT App 154

**Stephen A. REGAN dba The Grocery Store, Plaintiff and Appellant,**

v.

**Karen BLOUNT, Defendant and Appellee.**

**No. 980110–CA.**

Court of Appeals of Utah.

May 6, 1999.

Glen E. Davies, Parsons, Davies, Kinghorn & Peters, Salt Lake City, for Appellant.

J. Keven Hofeling and David M. Cook, Salt Lake City, for Appellee.

Before GREENWOOD, Associate P.J., and DAVIS and JACKSON, JJ.

## OPINION

PER CURIAM:

¶ 1 This matter is before the court on appellee's motion to dismiss. We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

¶ 2 Appellant seeks to appeal from an amended order and judgment entered on February 23, 1998, granting summary judgment and awarding costs and attorney fees to appellee. After entry of the original order and judgment, appellee filed and served a proposed amended order and judgment on appellant. More than ten days after entry of the original order and judgment, but before the court signed the amended order and judgment, appellant filed a motion to reconsider and an objection to the proposed amended order and judgment. Without holding a hearing or expressly ruling upon appellant's motion and objection, the trial court signed and entered the amended order and judgment.

¶ 3 Appellant filed a timely notice of appeal from the amended order and judgment. Appellee challenges this court's jurisdiction over the appeal, asserting that the trial court failed to dispose of appellant's motion and objection resulting in the lack of a final appealable order under Utah Rules of Appellate Procedure 3(a) and 4(b). We agree.

## ANALYSIS

¶ 4 An appeal may be taken from a district court from all final orders and judg-

ments. *See* Utah R.App. P. 3(a). Absent a final order, the appellate court lacks jurisdiction and must dismiss the appeal. *See State v. Rawlings*, 829 P.2d 150, 153 (Utah Ct.App. 1992). The finality of an order or judgment may be affected by certain post-trial motions. Specifically, under Utah Rule of Appellate Procedure 4(b), a timely motion to alter or amend the judgment or for a new trial filed under Utah Rules of Civil Procedure 52(b) and 59 suspends the finality of the challenged order or judgment rendering "a notice of appeal filed prior to disposition of such a motion by entry of a signed order [ineffective] to confer jurisdiction on an appellate court." *Anderson v. Schwendiman*, 764 P.2d 999, 1000 (Utah Ct.App.1988) (per curiam) (citations omitted). To vest jurisdiction in the appellate court, the notice of appeal must be filed after entry of the order disposing of such motions. *See Swenson Assoc. Architects v. State*, 889 P.2d 415, 417 (Utah 1994).

¶ 5 Appellant's motion to reconsider and objection to proposed amended order and judgment challenge the trial court's determinations of fact, its evidentiary rulings, its legal conclusions, and its award of attorney fees. In essence, appellant is seeking an amendment of the judgment and/or a new trial. Accordingly, the motion and objection will be treated as either a Rule 52(b) motion to amend the judgment or a Rule 59 motion for new trial, which, if timely, suspends the appeal period until "entry of the order denying" it. *See, e.g., Watkiss & Campbell v. Foa & Son*, 808 P.2d 1061, 1064–65 (Utah 1991) (concluding that a motion improperly labeled as one for reconsideration that is, in effect, a motion for new trial, extends the time for appeal under Rule 4(b)); *Reeves v. Steinfeldt*, 915 P.2d 1073, 1076 (Utah Ct.App.1996) (stating that "regardless of its caption, 'a motion filed within ten days of the entry of judgment that questions the correctness of the court's findings and conclusions is properly treated as a post-judgment motion under either Rules 52(b) or 59(e).'") (quoting *DeBry v. Fidelity Nat'l Title Ins. Co.*, 828 P.2d 520, 522–23 (Utah Ct.App.1992)).

¶ 6 The timeliness of a Rule 52(b) or Rule 59 motion is governed by the rules themselves. Such motions must be served or

filed *not later than* ten days after the entry of the judgment. *See* Utah R. Civ. P. 52(b), 59(b) & 59(e). Appellant's motion, filed several days before the entry of the amended order and judgment challenged by the motion, and thus not more than ten days after the entry of the judgment, is timely under the rules. The phrase "not later than" does not require that there be a pre-existing judgment, rather, it "sets only a maximum period and does not nullify an otherwise valid motion made before a formal judgment has been entered." *Jurgens v. McKasy,* 905 F.2d 382, 386 (Fed.Cir.1990).[1] In other words, a motion under the Utah Rules of Civil Procedure of the type described in Utah Rule of Appellate Procedure 4(b) that is filed prior to entry of the judgment is timely for purposes of tolling the appeal period. *See Zions First Nat'l Bank v. C'Est Bon Venture,* 613 P.2d 515, 517 (Utah 1980); *see also Jurgens,* 905 F.2d at 386 (following lead of majority of federal circuit courts in recognizing timeliness of pre-judgment motions). *But see State v. Vessey,* 957 P.2d 1239 (Utah Ct.App. 1998) (discussing untimeliness of pre-judgment motions filed in criminal context).

 ¶ 7 A motion made prior to the entry of judgment that is not disposed of either expressly or by necessary implication by the judgment suspends the running of the time for taking an appeal until the court disposes of the motion. *See Zions,* 613 P.2d at 517. The mere entry of a final judgment inconsistent with but silent regarding a post-trial pre-judgment motion does not dispose of the motion by necessary implication unless the surrounding circumstances indicate that the trial court considered and rejected the motion. For instance, in *Zions,* the Utah Supreme Court ruled that a post-trial pre-judgment oral motion to amend the judgment was denied by necessary implication by entry of the judgment where the party who made

the motion failed to include the motion in a written objection filed the day after entry of judgment or to secure a ruling on the oral motion at the same time the trial court entered an order denying its written objection. *See id.* at 517.

 ¶ 8 In the case at hand, entry of the amended order and judgment does not, by itself, operate to effectively deny appellant's pre-judgment motion by necessary implication. The trial court signed the amended order and judgment a mere six days after the motion was filed. The court did not hold a hearing on the motion, and the amended order and judgment, which was prepared by the appellee, is silent regarding the motion. Nothing in the record indicates that the trial court considered or was even aware of the motion before it signed the amended order and judgment, or supports the assumption that the amended order and judgment disposed of the motion by necessary implication. Thus, the motion suspends the finality of the judgment until disposed of by order of the trial court and renders the notice of appeal ineffective. *See Anderson,* 764 P.2d at 1000.

## CONCLUSION

¶ 9 Whereas the appeal is not taken from a final order and is ineffective, we have no alternative but to dismiss the appeal for lack of jurisdiction. This dismissal is without prejudice to the filing of a new, timely notice of appeal after the trial court enters a final order disposing of all the issues raised in appellant's motion.

---

1. Federal Rule of Civil Procedure 59 and Federal Rule of Appellate Procedure 4(a)(4) (formerly Federal Rule of Civil Procedure 73) are nearly identical to Utah Rule of Civil Procedure 59 and Utah Rule of Appellate Procedure 4(b), respectively. When Utah case law is insufficient and the Utah rule to be interpreted is identical or nearly identical to a federal rule, Utah courts will look to federal case law for assistance in inter-

preting and applying its rules. *See Buzas Baseball, Inc. v. Salt Lake Trappers, Inc.,* 925 P.2d 941, 947 n. 5 (Utah 1996); *see also Brickyard Homeowners' Ass'n Management Comm. v. Gibbons Realty Co.,* 668 P.2d 535, 540 (Utah 1983) (stating identity in language in Utah and federal statutes presumes identity of construction so Utah courts look to federal case law for guidance).