1999 UT App 153

**Robert KURTH and Laura Kurth, individually and as trustees of the Kurth Revocable Trust, Plaintiffs and Appellees,**

v.

**Daniel R. WIARDA and Carolyn Wiarda, individually; and Lonetree Services, Inc., a Utah corporation dba Lonetree Log Homes, Defendants and Appellants.**

No. 981582–CA.

Court of Appeals of Utah.

May 6, 1999.

J. Bryan Jackson, Cedar City, for Appellants.

Robert O. Kurth, Kurth & Associates, Las Vegas, Nevada, for Appellees.

Before GREENWOOD, Assoc. P.J., and DAVIS and JACKSON, JJ.

## OPINION

PER CURIAM:

¶ 1  This matter is before the court on appellees' motion to dismiss and on the court's sua sponte motion for summary disposition.  For the reasons set forth below, we deny the appellees' motion and withdraw the court's motion.

## BACKGROUND

¶ 2  Following an extensive trial in this matter, a jury returned a verdict awarding damages against the defendant Lonetree Services, Inc. ("Lonetree").  Shortly thereafter but prior to the entry of a judgment on the verdict, Lonetree moved for judgment notwithstanding the verdict, for a new trial, and for an order amending the verdict.  After a hearing on Lonetree's motions which the court orally denied, the trial court entered a judgment on the verdict awarding damages against Lonetree and dismissing with prejudice all claims against Wiarda.  The judgment does not address Lonetree's motions.

¶ 3  Subsequently, the trial court entered "findings of fact, conclusions of law and order" on April 24, 1998, and an "order with findings of fact and conclusions of law" on June 17, 1998.  The April order awarded costs and attorneys fees against Lonetree, while the June order awarded costs and attorneys fees against Wiarda.  Within thirty days of the June order, appellants Lonetree and Wiarda filed a notice of appeal.

¶ 4  Upon reviewing the record in this matter, this court moved fur summary disposition on the ground that it lacked jurisdiction due to the absence of a final order disposing of Lonetree's motions.  Appellees' filed a motion to dismiss the appeal on the ground that the court lacked jurisdiction because the notice of appeal was filed more than thirty days after entry of the judgment on the verdict and, in the alternative, on the ground that appellants failed to comply with Utah Rule of Appellate Procedure 3(d).  This opinion addresses only the issues raised in the motions and reserves all other issues pending full briefing.

## ANALYSIS

■ ¶ 5  An appeal may be taken from a district court from all final orders and judgments.  See Utah R.App. P. 3(a).  Ab-

sent a final order, the appellate court lacks jurisdiction and must dismiss the appeal. *See State v. Rawlings,* 829 P.2d 150, 153 (Utah Ct.App.1992). The finality of an order or judgment may be affected by certain post-trial motions. Specifically, under Utah Rule of Appellate Procedure 4(b), a timely motion for judgment notwithstanding the verdict, to alter or amend the judgment or for a new trial filed under Utah Rules of Civil Procedure 50(b), 52(b) and 59 suspends the finality of the challenged judgment rendering "a notice of appeal filed prior to disposition of such a motion by entry of a signed order [ineffective] to confer jurisdiction on an appellate court." *Anderson v. Schwendiman,* 764 P.2d 999, 1000 (Utah Ct.App.1988) (per curiam) (citations omitted). To vest jurisdiction in the appellate court, the notice of appeal must be filed after entry of the order disposing of such motions. *See Swenson Assoc. Architects v. State,* 889 P.2d 415, 417 (Utah 1994). Under this rule, Lonetree's motions, if timely, suspend the appeal period until "entry of the order denying" them. *See* Utah R.App. P. 4(b).

¶ 6 The timeliness of a Rule 50(b), Rule 52(b) or Rule 59 motion is governed by the rules themselves. Such motions must be served or filed *not later than* ten days after the entry of the judgment. *See* Utah R. Civ. P. 50(b), 52(b), 59(b) & 59(e). Lonetree's motions, filed shortly after the verdict was entered but before entry of the judgment on the verdict, and thus not more than ten days after the entry of the judgment, are timely under the rules. The phrase "not later than" does not require that there be a pre-existing judgment, rather, it "sets only a maximum period and does not nullify an otherwise valid motion made before a formal judgment has been entered." *Jurgens v. McKasy,* 905 F.2d 382, 386 (Fed.Cir.1990).[1] In other words, a motion under the Utah Rules of Civil Procedure of the type described in Utah Rule of Appellate Procedure 4(b) that is filed prior to entry of the judgment is timely for purposes of tolling the appeal period. *See Zions First Nat'l Bank v. C'Est Bon Venture,* 613 P.2d 515, 517 (Utah 1980); *see also Jurgens,* 905 F.2d at 386 (following lead of majority of federal circuit courts in recognizing timeliness of pre-judgment motions). *But see State v. Vessey,* 957 P.2d 1239 (Utah Ct.App.1998) (discussing untimeliness of pre-judgment motions filed in criminal context).

¶ 7 A motion made prior to the entry of judgment that is not disposed of either expressly or by necessary implication by the judgment, suspends the running of the time for taking an appeal until the court disposes of the motion. *See Zions,* 613 P.2d at 517. The mere entry of a final judgment inconsistent with but silent regarding a post-trial pre-judgment motion does not dispose of the motion by necessary implication unless the surrounding circumstances indicate that the trial court considered and rejected the motion. For instance, in *Zions,* the Utah Supreme Court ruled that a post-trial pre-judgment oral motion to amend the judgment was denied by necessary implication by entry of the judgment where the party who made the motion failed to include the motion in a written objection filed the day after entry of judgment or to secure a ruling on the oral motion at the same time the trial court entered a final order denying its written objection. *See id.* at 517.

¶ 8 In the case at hand, the entry of the judgment on the verdict in light of the surrounding circumstances operates to effectively deny Lonetree's motions by necessary implication. The motions were heard and orally denied by the trial court. The court stated during the hearing on the motions that it would sign the judgment and signed the judgment the same day. These facts indicate that the trial court considered and

---

1. Federal Rule of Civil Procedure 59 and Federal Rule of Appellate Procedure 4(a)(4) (formerly Federal Rule of Civil Procedure 73) are nearly identical to Utah Rule of Civil Procedure 59 and Utah Rule of Appellate Procedure 4(b), respectively. When Utah case law is insufficient and the Utah rule to be interpreted is identical or nearly identical to a federal rule, Utah courts will look to federal case law for assistance in interpreting and applying its rules. *See Buzas Baseball, Inc. v. Salt Lake Trappers, Inc.,* 925 P.2d 941, 947 n. 5 (Utah 1996); *see also Brickyard Homeowners' Ass'n Management Comm. v. Gibbons Realty Co.,* 668 P.2d 535, 540 (Utah 1983) (stating identity in language in Utah and federal statutes presumes identity of construction so Utah courts look to federal case law for guidance).

rejected the motions and support the conclusion that the judgment on the verdict, although silent on the issue, disposed of the motions by necessary implication.

## CONCLUSION

¶ 9   Based upon the foregoing, the court's sua sponte motion to dismiss the appeal for lack of a final order is withdrawn. Appellees' motion to dismiss is denied in its entirety as moot.[2]

WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, JAMES Z. DAVIS, Judge, and NORMAN H. JACKSON, Judge.

---

2.   Lonetree has withdrawn its appeal. The only issue left on appeal is Wiarda's challenge to the June order, which challenge is sufficiently specific and timely under the Utah Rules of Appellate Procedure.