2002 UT App 305

**STATE of Utah, Plaintiff and Appellee,**

v.

**Richard F. NORRIS, Defendant and Appellant.**

**No. 20000202–CA.**

Court of Appeals of Utah.

Sept. 26, 2002.

Sharon L. Preston, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kris C. Leonard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before JACKSON, P.J., DAVIS, and ORME, JJ.

## OPINION

JACKSON, Presiding Judge:

¶1 Richard Norris appeals his sentence entered pursuant to conditional pleas of guilty to two counts of communications fraud, a third degree felony, in violation of Utah Code Ann. § 76–10–1801(1) (1995).

## BACKGROUND

¶2 Norris advertised employment positions, promising salaries and benefits for "diet counselors." Norris required the prospective "employees" to sign what they believed to be agreements regarding the custody of the diet product. Those agreements were in fact sales agreements wherein the "employees" turned out to be purchasers of the product, rather than employees entrusted with distributing the product. When the "employees" refused to pay, Norris then sued on those contracts. He was eventually charged with thirteen counts of communications fraud.

¶3 Norris's trial counsel assured him that the trial date would be continued. However, on the date set for trial, the trial court denied Norris's motion to continue. Norris's counsel then urged him to plead guilty to two of the charges, rather than face conviction for all thirteen charges, pursuant to a plea bargain agreement offered by the prosecution before trial. Norris followed his attorney's advice, and pleaded guilty pursuant to *State v. Sery*, 758 P.2d 935 (Utah Ct.App. 1988) (allowing entry of guilty plea conditioned upon Defendant's preservation of right to appeal trial court's denial of suppression motion). He conditioned his pleas upon assurances by the court and the prosecution that certain issues would be preserved for appeal. The court specifically enumerated the issues that Norris would have the right to appeal once his guilty pleas were accepted and entered.[1] That enumerated list included his claim of vindictive prosecution.[2] The record indicates that Norris raised this issue several times through the course of the proceedings. Although the court had not ruled on Norris's vindictive prosecution claim, it

---

1. The court itemized the following issues as preserved for appeal: (1) the court's denial of Norris's motion to dismiss based on the statute of limitations; (2) the court's denial of Norris's motion to dismiss based on the expungement of the arrest records made in conjunction with the charges; (3) the court's denial of Norris's motion to remove his counsel for incompetency and conflict of interest; (4) the effective denial of Norris's speedy trial rights; (5) Norris's vindictive prosecution claim; (6) the State's failure to comply with discovery requests; (7) the constitutionality of Utah's communications fraud statute; and (8) inadequacy of the information.

2. After the court enumerated the appealable issues, Norris struggled to identify more issues he hoped to preserve. The court apparently satisfied Norris's trepidation by promising Norris that "you're reserving the right to appeal any issue that the Court has heard and ruled on, but ruled adversely to you ... you'd have a right to appeal that issue." The parties agreed in oral arguments that this was the most sweeping *Sery* plea they had seen. Although the breadth of the court's promises is not an issue before us, we note our concern that blanket preservation of issues for appeal may very well overflow the banks of what is allowable under *Sery* and its progeny. *See State v. Sery*, 758 P.2d 935 (Utah Ct.App.1988). In *Sery*, we adopted the practice of accepting conditional guilty pleas because "forcing the parties to go through an entire trial merely to preserve the suppression issue is a pointless and wasteful exercise." *Sery*, 758 P.2d at 939. Thus, conditional pleas serve the purpose of promoting judicial economy. The broad conditional pleas involved here, however, do not serve the ends of judicial economy.

promised him that he had a right to appeal it. In fact, the court stated "I would like to make a list of those motions that you intend to reserve. You don't have to argue them. Just state your list of motions." It is axiomatic that a party has no right to appeal an issue unless the trial court has entered a final appealable order disposing of it. The trial court failed to rule on the vindictive prosecution issue, and all parties agree that it cannot be raised on appeal. *See* Utah R.App. P. 3(a) (requiring that judgment be final in order to appeal).

¶ 4 Norris timely moved to withdraw his guilty pleas, alleging coercive circumstances in the inducement of those pleas. Primarily, he alleged that his counsel was unprepared for trial on the scheduled date. That lack of preparation, Norris alleged, pressured him into pleading guilty unexpectedly when he had expected the court to grant his motion to continue. He further alleged that the trial court's assurances led him to plead guilty in exchange for "non-existent benefits," rendering his pleas involuntary. The trial court orally denied Norris's motion to withdraw his guilty pleas, but never entered a written order to that effect. Moreover, no signed minute entries appear in the record evidencing the trial court's disposal of the motion.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Although the court orally denied Norris's motion to withdraw his guilty pleas, the State asserts that this court lacks jurisdiction to hear Norris's claims because it never entered a final order on the record. An appellate court's "determination of whether it has jurisdiction to hear an appeal is a question of law. Specifically, the jurisdictional question in this case is predicated upon whether an order is final and appealable, which is a question of law." *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 18, 44 P.3d 663.

¶ 6 Norris challenges the trial court's oral denial of his motion to withdraw his guilty pleas. "We review a trial court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard, incorporating the clearly erroneous standard for the trial court's findings of fact made in conjunction with that decision." *State v.*

*Benvenuto*, 1999 UT 60, ¶ 10, 983 P.2d 556 (quotations and citations omitted).

## ANALYSIS

### I. Jurisdiction

¶ 7 "We first address the State's claim that this court lacks jurisdiction. The State argues defendant [cannot] appeal[ ] from unsigned minute entries" and that no written orders appear in the record. *State v. Smith*, 776 P.2d 929, 931 (Utah Ct.App.1989). The State asserts that the trial court's oral rulings do not constitute final orders for purposes of appeal. *See State v. Gerrard*, 584 P.2d 885, 887 (Utah 1978) ("[T]he law is well settled in the state that the statements made by a trial judge are not the judgment of the case and it is only the signed judgment that prevails."). The State also correctly asserts that without a final order on the record, the court has no jurisdiction to hear an appeal. *See* Utah R.App. P. 3(a); *see also Anderson v. Schwendiman*, 764 P.2d 999, 1000 (Utah Ct.App.1988) (holding notice of appeal filed after ruling has been announced, but before entry of order disposing of motion, is premature and does not confer jurisdiction on appellate courts).

¶ 8 "However, defendant actually appeals from the trial court's order of judgment and sentence which *is* a final appealable order, and not the unsigned minute entries." *Smith*, 776 P.2d at 931 (emphasis added); *see also Gerrard*, 584 P.2d at 887 (holding sentence constitutes a final judgment from which defendant has right to appeal). Where there is no final written order disposing of a motion, and no appeal could otherwise ensue, a judgment inconsistent with the motion can dispose of the motion by necessary implication for purposes of granting this court jurisdiction. *See, e.g., Kurth v. Wiarda*, 1999 Utah App 153, ¶ 8, 981 P.2d 417 ("[T]he entry of the judgment on the verdict in light of the surrounding circumstances operates to effectively deny [the defendant's] motions by necessary implication."). Here, the trial court orally denied Norris's motion to withdraw his guilty pleas, but did not formally enter a written signed order. How-

ever, the court did nothing to alter its acceptance of Norris's guilty pleas and ultimately sentenced him. Thus, his sentence constitutes a final order from which he may appeal, and that sentence "effectively den[ies Norris's] motions by necessary implication." *Id.* Accordingly, the matter is properly before us.

## II. Norris's Motion to Withdraw Guilty Pleas

¶ 9 The question before us is whether the trial court abused its discretion in refusing to grant Norris's motion to withdraw his guilty pleas after Norris presented an affidavit describing the alleged coercive circumstances surrounding his guilty pleas and waiver of rights. Norris argues that the court's erroneous assurances that he could appeal his vindictive prosecution claim rendered his conditional guilty pleas involuntary because they were given in exchange for "non-existent benefits."

¶ 10 *State v. Copeland,* 765 P.2d 1266 (Utah 1988), controls our decision. In *Copeland,* the prosecution made promises in the plea agreement that Defendant could receive immediate sex-offender treatment at an inpatient program at a hospital, rather than waiting for prison treatment three years before release from prison. *See id.* at 1267. The court ratified this suggestion without indicating to Defendant that by statute the court had no discretion in the choice of whether to place Defendant in hospital treatment or prison with later treatment. *See id.* at 1268. The Utah Supreme Court held that such promises could easily induce someone to plead guilty, and that such inducements may render the plea involuntary if they mislead the defendant as to "the nature and value of any promises made to him." *Id.* at 1274. If a defendant pleads guilty "with an exaggerated belief in the benefits of his plea ... he should be allowed to withdraw his plea." *Id.* at 1275 (quotations and citations omitted). Further, the "defendant must be allowed to withdraw his plea if the State made a promise it did not or could not fulfill." *Id.* at 1276.

¶ 11 Both the trial court and the State clearly promised Norris that he could pursue

a claim for vindictive prosecution on appeal, but neither the court nor the State could fulfill that promise. The court's legal error exaggerated the benefits Norris would receive from pleading guilty. Thus it misled Norris as to "the nature and value of [the] promise[ ] made to him." *Id.* at 1274.

¶ 12 We conclude "it is possible that defendant was genuinely and legitimately confused about" the value of these assurances compared with the seriousness of pleading guilty. *Id.* Accordingly, the court erred as a matter of law by promising Norris that he could appeal a vindictive prosecution claim. A discretionary ruling that compounds a previous harmful error of law constitutes an abuse of discretion. *See Doty v. Cedar Hills,* 656 P.2d 993, 997 (Utah 1982).

¶ 13 Thus, Norris's pleas were not made voluntarily with full knowledge of the consequences of pleading guilty. Accordingly, Norris "must be allowed to withdraw his [guilty] plea[s]." *Copeland,* 765 P.2d at 1276. We vacate the sentence and the guilty pleas and remand for proceedings consistent with this decision.[3]

¶ 14 WE CONCUR: JAMES Z. DAVIS and GREGORY K. ORME, Judges.

---

**3.** In light of this decision, we do not address Norris's remaining challenges.