2006 UT 24

David K. GILLETT, an individual, and Majestic Air Services Incorporated, a Utah corporation, Plaintiffs and Petitioners,

v.

Steve PRICE, Defendant and Respondent.

No. 20050023.

Supreme Court of Utah.

April 28, 2006.

Stephen G. Homer, Salt Lake City, for plaintiffs.

Randall L. Skeen, Todd R. Mecham, Salt Lake City, for defendant.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 The filing of postjudgment motions to reconsider has become a common litigation practice, notwithstanding the Utah Rules of Civil Procedure's failure to authorize it and

our previous attempts to discourage it. In this opinion, we consider whether this practice tolls the time for filing a notice of appeal. We answer this question by absolutely rejecting the practice of filing postjudgment motions to reconsider. We also warn that future filings of postjudgment motions to reconsider will not toll the time for appeal and therefore may subject attorneys to malpractice claims.

## BACKGROUND

¶ 2 This case began as a contract dispute. For our purposes, it is sufficient to note that the plaintiffs filed a complaint against the defendant claiming that he had breached an entrustment contract by stealing their property. The defendant filed a motion for summary judgment on the ground that the parties had an oral contract for which the applicable four-year statute of limitations had run. In response, the plaintiffs argued that the parties had a written contract and thus had a six-year statute of limitations period within which to file a complaint.[1] The district judge did not find any evidence of a written contract and granted the defendant's motion, issuing a memorandum decision on May 26, 2004, and entering a final order on June 16, 2004.

¶ 3 On June 9, 2004, after the issuance of the memorandum decision but before the entry of final judgment, the plaintiffs filed a motion titled "Plaintiffs' Motion for Reconsideration," arguing that the district court had misconstrued certain documents and ignored factual disputes. The district court denied this motion on July 21, 2004. On August 4, 2004, nearly two months after the district court granted the defendant's motion for summary judgment, the plaintiffs filed a notice of appeal.

¶ 4 The court of appeals held that the plaintiffs' notice of appeal ·was not timely because it was filed more than thirty days after the district court's final order granting

summary judgment. *Gillett v. Price*, 2004 UT App 460U, Para. 7, 2004 WL 2821644. In so holding, the court of appeals rejected the plaintiffs' contention that the motion for reconsideration should be construed as either a motion to alter or amend judgment or a motion for a new trial, *id.*, both of which toll the thirty-day period under rule 4(b) of the Utah Rules of Appellate Procedure. We granted certiorari to determine whether a motion for reconsideration challenging a district court's reasoning for its earlier judgment constitutes a proper postjudgment motion, thereby tolling the time for appeal. We have jurisdiction pursuant to Utah Code section 78–2–2(5) (2002).

## STANDARD OF REVIEW

¶ 5 "On certiorari, we review the court of appeals' decision for correctness." *State v. 736 N. Colo. St.*, 2005 UT 90, ¶ 6, 127 P.3d 693 (quoting *State v. Garner*, 2005 UT 6, ¶ 7, 106 P.3d 729). We affirm the court of appeals' judgment and hold that motions to reconsider are not sanctioned by our rules and therefore do not toll the time for appeal under any circumstance.

## ANALYSIS

¶ 6 Under the Utah Rules of Appellate Procedure, a party may file a notice of appeal "within 30 days" of a final judgment. Utah R.App. P. 4(a). Rule 4(b) of the Utah Rules of Appellate procedure provides that some timely filed postjudgment motions will toll the thirty-day period until the district court enters an order regarding that motion. The motions that toll the time for appeal under rule 4(b) include (1) a motion for judgment notwithstanding the verdict under rule 50(b) of the Utah Rules of Civil Procedure, (2) a motion to amend or make additional findings of fact under rule 52(b) of the Utah Rules of Civil Procedure, and (3) a motion to amend or for a new trial under rule 59 of the Utah Rules of Civil Procedure. Not included with-

---

1. The plaintiffs' original complaint was dismissed for failure to serve the defendant with notice. However, the plaintiffs refiled the complaint within one year of the dismissal, thereby taking advantage Utah Code section 78–12–40 (2002), which provides that if an action is commenced within due time, and the action fails or is reversed on grounds other than the merits, the action survives for one year after the failure or reversal. Thus, if the statute of limitations in this case were six years, the plaintiffs' complaint would have been timely.

in the 4(b) exceptions, however, is a post-judgment motion to reconsider. *Id.* In fact, postjudgment motions to reconsider are not recognized anywhere in either the Utah Rules of Appellate Procedure or the Utah Rules of Civil Procedure. *See Ron Shepherd Ins., Inc. v. Shields,* 882 P.2d 650, 653 n. 4 (Utah 1994) ("[T]his court has consistently held that our rules of civil procedure do not provide for a motion for reconsideration of a trial court's order or judgment....."); *Watkiss & Campbell v. Foa & Son,* 808 P.2d 1061, 1064 (Utah 1991)(recognizing that the Utah Rules of Civil Procedure do not technically allow motions to reconsider); *Peay v. Peay,* 607 P.2d 841, 842–43 (Utah 1980) (same).

 ¶ 7 The plaintiffs do not contend that motions to reconsider are recognized under rule 4(b). Instead, they argue that their motion to reconsider was in substance a motion to alter or amend the judgment under rule 59, Utah Rules of Civil Procedure and therefore tolled the time for appeal. The court of appeals disagreed, finding that the motion's substance was not that of a motion to alter or amend. *Gillett,* 2004 UT App 460U, Para. 5, 2004 WL 2821644. We go beyond the reasoning of the court of appeals and hold that, regardless of the motion's substance, postjudgment motions to reconsider and other similarly titled motions will not toll the time for appeal because they are not recognized by our rules.[2]

 ¶ 8 We realize that this holding repudiates a long line of cases from both the court of appeals and this court treating motions to reconsider as rule-sanctioned motions based on the substance of the motion. *See, e.g., Watkiss,* 808 P.2d at 1064–65; *Gallardo v. Bolinder,* 800 P.2d 816, 817 (Utah 1990); *Bonneville Billing & Collection v. Torres,* 2000 UT App 338, ¶ 4, 15 P.3d 112;

*Regan v. Blount,* 1999 UT App 154, ¶ 5, 978 P.2d 1051; *Salt Lake Knee & Sports Rehab., Inc. v. Salt Lake City Knee & Sports Med.,* 909 P.2d 266, 268–69 (Utah Ct.App.1995); *Davis v. Grand County Serv. Area,* 905 P.2d 888, 891–92 (Utah Ct.App.1995); *Brunetti v. Mascaro,* 854 P.2d 555, 557 (Utah Ct.App. 1993). We are now persuaded that it is time this practice comes to an end. In our system, the rules provide the source of available relief. They "[are] designed to provide a pattern of regularity of procedure which the parties and the courts [can] follow and rely upon." *Drury v. Lunceford,* 18 Utah 2d 74, 415 P.2d 662, 663 (1966). Accordingly, the form of a motion does matter because it directs the court and litigants to the specific, and available, relief sought. *See* Utah R. Civ. P. 7(b) ("A motion shall be in writing and state succinctly and with particularity the relief sought and the grounds for the relief sought."). Hereafter, when a party seeks relief from a judgment, it must turn to the rules to determine whether relief exists, and if so, direct the court to the specific relief available. Parties can no longer leave this task to the court by filing so-called motions to reconsider and relying upon district courts to construe the motions within the rules.

¶ 9 We do not abandon our precedent lightly, but we have discouraged the use of motions to reconsider in the past. For example, in *Shipman v. Evans,* we noted that motions to reconsider "have proliferated in civil actions to the extent that they have become the cheatgrass of the litigation landscape" and encouraged attorneys to reverse the trend. 2004 UT 44, ¶ 18 n. 5, 100 P.3d 1151 (internal citation omitted). Likewise, in *Salt Lake Knee,* we stated that we did not approve of "the use of pleadings identified as something not provided for in the Utah Rules of Civil Procedure" and warned that this practice could "seriously compromise" the

---

2. Arguably, the plaintiffs' motion could not even be construed as a postjudgment motion to amend under our prior case law because the plaintiffs filed it before the entry of a final judgment. We addressed a similar situation in *Ron Shepherd Ins., Inc. v. Shields,* where we held that a motion to reconsider filed after an unsigned minute entry but before a final judgment was not a postjudgment motion, but rather a reargument that the district court was free to consider any time

before entering the final judgment. 882 P.2d 650, 653–54 (Utah 1994). In any event, such a prejudgment motion would not toll the time for appeal once a final judgment was entered. We also note that rule 4(c) of the Utah Rules of Appellate Procedure, which provides that a notice of appeal filed after the announcement but before the entry of judgment will be treated as a motion filed after the entry of judgment, is of no effect in this case.

position of a litigant. 909 P.2d at 269 n. 2. Unfortunately, our advice does not appear to have had the desired effect.

¶ 10 We note that this holding applies to post-final-judgment motions to reconsider; it does not affect motions to or decisions by the district courts to reconsider or revise nonfinal judgments, which have no impact on the time to appeal and are sanctioned by our rules. *See* Utah R. Civ. P. 54(b) (providing that when a case involves multiple claims or parties, any order or other decision that does not adjudicate all of the claims is subject to revision at any time before a final judgment on all the claims).

¶ 11 The defendant has requested attorney fees under rules 33 and 34 of the Utah Rules of Appellate Procedure, claiming that plaintiffs' application for a writ of certiorari was frivolous. Given that filing motions to reconsider has been a common practice among Utah attorneys, we disagree that the plaintiffs' petition for certiorari was frivolous and therefore deny the defendant's request.

## CONCLUSION

¶ 12 We therefore affirm the court of appeals and direct attorneys to immediately discontinue the practice of filing post judgment motions to reconsider.

¶ 13 Associate Chief Justice WILKINS, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.