RON SHEPHERD INSURANCE, INC.,
a Utah corporation, Plaintiff and
Appellant,

v.

William Scott SHIELDS, Jeffrey G.
Shields, Donald R. Mayer, and Universal
Business Insurance, Inc., a Utah corpo-
ration, Defendants and Appellees.

RONALD SHEPHERD INSURANCE,
INC., a Utah corporation, and Ron Shep-
herd, an individual, Plaintiffs and Ap-
pellants,

v.

William Gerald SHIELDS, Marilyn
Shields, Jeffrey Shields, William Scott
Shields, Jack Turner, and Universal
Business Insurance, Inc., a Utah corpo-
ration, Defendants and Appellees.

No. 930475.

Supreme Court of Utah.

Sept. 20, 1994.

Thomas R. Blonquist, Salt Lake City, for plaintiffs.

M. David Eckersley, Salt Lake City, for defendants.

RUSSON, Justice:

Plaintiffs Ronald Lee Shepherd and Ron Shepherd Insurance, Inc. (RSI), appeal from the trial court's denial of their motion entitled "Motion for Reconsideration" and its entry of summary judgment in favor of defendants William Gerald Shields, Marilyn Shields, William Scott Shields, Jeffrey Shields, Donald R. Mayer, and Universal Business Insurance, Inc.[1] We reverse and remand.

## FACTS

On December 13, 1988, Shields Insurance, Inc., entered into a written agreement with a company called Insurance, Inc.,[2] in which Insurance, Inc., agreed to assume $200,000 of debts owed to the creditors of Shields Insurance, Inc., in exchange for an agreement that the agents of Shields Insurance, Inc., would (1) transact no further business under the name of Shields Insurance, Inc., and (2) sign over all checks to and write all new business through Insurance, Inc. The agreement further stated:

> 6. *Amendment.* Neither this Agreement nor any term [or] provision hereof may be changed, waived, discharged or terminated orally or in any manner other than by an instrument in writing signed by the parties hereto.

The agreement was signed by William Gerald Shields, Marilyn Shields, William Scott Shields, and Jeffrey Shields on behalf of Shields Insurance, Inc., and by Ron Shepherd on behalf of Insurance, Inc.

Shortly thereafter, due to Insurance, Inc.'s inability to obtain appointments from major insurance companies to write insurance, Ron Shepherd and the Shieldses orally agreed

---

1. Plaintiffs additionally brought suit against Jeffrey Shields' father-in-law, Jack Turner, for failure to pay his portion of the debts owed to the creditors of Shields Insurance, Inc., pursuant to an agreement between Turner and Ron Shepherd. However, since defendants' motion for summary judgment does not address Turner's liability, that cause of action is not before us on appeal.

2. Insurance, Inc., was a Utah corporation incorporated in 1981. It is not a party to these proceedings because it was dissolved in June 1988 for failure to pay franchise taxes and file an annual statement.

that (1) RSI would assume Insurance, Inc.'s rights and responsibilities under the above agreement, and (2) the agents of Shields Insurance, Inc., would write all new business through RSI, instead of Insurance, Inc. From December 13, 1988, to May 26, 1990, all of the Shieldses' insurance transactions showed RSI as the "agent of record."

On May 26, 1990, William Scott Shields, Jeffrey Shields, and another insurance agent, Donald R. Mayer, removed over 600 files from the offices of RSI and transported them to Universal Business Insurance, Inc., an insurance agency established by the two Shieldses and Mayer. In response to the removal of the files, plaintiffs filed two actions against defendants: one for a writ of replevin ordering the two Shieldses and Mayer to return the files; the second for breach of contract against all defendants. On December 31, 1990, the trial court granted the writ of replevin for the pendency of the action or until further order of the court and ordered the return of the files to RSI. The two actions were subsequently consolidated.

On January 14, 1993, defendants moved for summary judgment on the ground that plaintiffs lacked standing because they were not parties to, and had no rights under, the December 13, 1988, written agreement between Insurance, Inc., and Shields Insurance, Inc. On February 26, 1993, following a hearing before Third District Judge Leslie A. Lewis, an unsigned minute entry was made which reads in pertinent part:

> This case is before the court for hearing on defendant's motion for summary judgment, appearances as shown above.
>
> The motion is argued to the court by counsel and submitted. The court being fully advised grants the motion for summary judgment, as read into the record.

On March 4, 1993, with neither a signed order granting defendants' motion nor a signed judgment entering summary judgment in favor of defendants, plaintiffs filed a "Motion for Reconsideration" of the trial court's bench ruling. Plaintiffs based their motion on Utah Rule of Civil Procedure 59, asserting that they had obtained "newly discovered evidence."[3] This new evidence was set forth in two affidavits filed with the motion: one by William Schmitt, a former employee of both RSI and Shields Insurance, Inc., and one by Ron Shepherd. Both affidavits supported plaintiffs' claim that there was an oral agreement among the parties that RSI would assume Insurance, Inc.'s rights and responsibilities under the December 1988 agreement.

Defendants filed a memorandum in opposition to plaintiffs' motion, but before the trial court could consider the matter, plaintiffs moved for the recusal of Judge Lewis on the basis of alleged feelings of animosity between Ron Shepherd and Judge Lewis's brother. In an unsigned minute entry, Judge Lewis found that she "could be impartial and fair, but to avoid even the appearance of impropriety," recused herself from the case. At no time did Judge Lewis sign an order granting defendants' motion for summary judgment or a judgment entering summary judgment in favor of defendants.

The case was subsequently reassigned to Third District Judge John A. Rokich. On September 7, 1993, following a hearing on plaintiffs' motion for reconsideration, Judge Rokich denied the same in a signed order which reads:

> Plaintiffs' Motion for reconsideration of the summary judgment previously granted in this matter, came before the Court for hearing on August 24, 1992.... After reviewing the memoranda of the parties and hearing the arguments of counsel, the Court hereby enters the following:

---

**3.** Utah Rule of Civil Procedure 59(a) provides in pertinent part:

> Subject to the provisions of Rule 61, a new trial may be granted to all or any of the parties and on all or part of the issues, for any of the following causes; provided, however, that on a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimo-

ny, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment:

> ....
>
> (4) Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at trial.

### ORDER

Plaintiffs' Motion for reconsideration of the summary judgment previously entered is hereby denied and defendants are granted judgment against plaintiff.

Plaintiffs appeal, challenging (1) Judge Lewis's February 26, 1993, bench ruling granting defendants' motion for summary judgment and (2) Judge Rokich's September 7, 1993, order denying their motion for reconsideration and entering summary judgment in favor of defendants.

### JUDGE LEWIS'S BENCH RULING

■ As an initial matter, we address plaintiffs' attempt to challenge Judge Lewis's February 26, 1993, bench ruling on defendants' motion for summary judgment. That ruling appeared only as an unsigned minute entry. It is well settled that "[a]n unsigned minute entry does not constitute an entry of judgment, nor is it a final judgment for purposes of [appeal]." *Wilson v. Manning*, 645 P.2d 655, 655 (Utah 1982); *accord State v. Crowley*, 737 P.2d 198, 198–99 (Utah 1987); *South Salt Lake v. Burton*, 718 P.2d 405, 406 (Utah 1986); *Steadman v. Lake Hills*, 20 Utah 2d 61, 63, 433 P.2d 1, 3 (1967); *Hartford Accident & Indem. Co. v. Clegg*, 103 Utah 414, 419, 135 P.2d 919, 922 (1943). Because Judge Lewis never signed an order

granting defendants' motion for summary judgment nor entered judgment thereon, there is not a final order or judgment by Judge Lewis to be considered. The only appealable order in this case is Judge Rokich's September 7, 1993, order denying plaintiffs' motion for reconsideration and granting summary judgment in favor of defendants.

### MOTION FOR RECONSIDERATION

■ On appeal, plaintiffs argue that Judge Rokich erred in denying their motion for reconsideration of Judge Lewis's bench ruling on defendant's motion for summary judgment.[4] Defendants respond that (1) plaintiffs' motion was not properly before the trial court because plaintiffs did not meet any of the circumstances specified in rule 59 that permit relief under that rule, and (2) even considering plaintiffs' "newly discovered evidence," the trial court nonetheless correctly denied plaintiffs' motion for reconsideration.

Rule 59, according to its plain language, applies only to motions for new trials or amendments of judgments.[5] Plaintiffs' motion for reconsideration of Judge Lewis's bench ruling was therefore not properly brought under that rule since no signed order or judgment was ever entered as a consequence of that ruling. There was no order

4. As noted above, after Judge Lewis stated from the bench that she was granting defendants' motion, plaintiffs filed a motion for reconsideration, asserting a right to file their motion under Utah Rule of Civil Procedure 59's provision that a trial court may open a judgment and enter a new judgment on the basis of "newly discovered evidence." Plaintiffs' motion was supported by two affidavits stating that Ron Shepherd and the Shieldses had orally agreed that RSI would assume Insurance, Inc.'s rights and responsibilities under the December 1988 agreement between Shields Insurance, Inc., and Insurance, Inc. Defendants opposed plaintiffs' motion, asserting that (1) the Utah Rules of Civil Procedure do not provide for such a motion, and (2) that if the motion was deemed proper under rule 59, the affidavits did not qualify as "newly discovered evidence" because the facts averred therein were known to the affiants prior to Judge Lewis's bench ruling.

Concerning defendants' first argument, this court has consistently held that our rules of civil procedure do not provide for a motion for reconsideration of a trial court's order or judgment,

see, e.g., *Watkiss & Campbell v. Foa & Son*, 808 P.2d 1061, 1064 (Utah 1991); *Tracy v. University of Utah Hosp.*, 619 P.2d 340, 342 (Utah 1980); *Peay v. Peay*, 607 P.2d 841, 842–43 (Utah 1980); *Utah State Employees Credit Union v. Riding*, 24 Utah 2d 211, 214, 469 P.2d 1, 3 (1970), but has reviewed motions so entitled if they could have properly been brought under some rule and were merely incorrectly titled. See, e.g., *Watkiss*, 808 P.2d at 1064–65. In the present case, because Judge Lewis never signed an order granting defendants' motion for summary judgment nor entered judgment thereon, plaintiffs' motion for reconsideration was, in essence, not a motion for reconsideration at all, but simply a reargument of their opposition to defendants' motion for summary judgment, which a trial court is free to entertain at any point prior to entry of a final order or judgment. See, e.g., *Bennion v. Hansen*, 699 P.2d 757, 760 (Utah 1985). Accordingly, it was not improper for the trial court to consider plaintiffs' motion or for this court to consider it on appeal.

5. See supra note 3.

or judgment signed by Judge Lewis to be reviewed under rule 59.

It is settled law that a trial court is free to reassess its decision at any point prior to entry of a final order or judgment. *Bennion v. Hansen,* 699 P.2d 757, 760 (Utah 1985). In the present case, because no final order awarding defendants summary judgment was signed and entered, the matter was still pending when plaintiffs' motion for reconsideration was filed in Judge Lewis's court. She had every right to fully reassess the matter and, if deemed appropriate, to receive additional evidence. When Judge Lewis recused herself and the matter was assigned to Judge Rokich, he likewise had every right to fully review the matter.

Pursuant to his authority to hear this matter, Judge Rokich heard plaintiffs' motion for reconsideration on August 23, 1993, and on September 7, 1993, issued an order denying the same. However, that order fails to state his grounds for denying the motion. While Utah Rule of Civil Procedure 52(a) does not require findings of fact in regard to summary judgments, the rule does require a written statement by the court of the grounds for its decision.[6] This was not done in the present case. This is especially significant here because, due to the lack of a transcript, we cannot ascertain whether Judge Rokich considered all of the issues concerning defendants' motion for summary judgment or simply the "new evidence" presented by plaintiffs in their motion for reconsideration or whether Judge Rokich based his order and judgment solely on defendants' argument in their memorandum opposing plaintiffs' motion for reconsideration that our rules of civil procedure do not provide for

such a motion, which, while true, is irrelevant to the case at bar. *See supra* note 4. Because failure to issue a statement of grounds is generally not reversible error, *see Neerings v. Utah State Bar,* 817 P.2d 320, 323 (Utah 1991), we do not remand on this ground but proceed to address plaintiffs' appeal from the grant of summary judgment in Judge Rokich's September 7, 1993, order.[7]

## SUMMARY JUDGMENT

Summary judgment is proper only when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. Utah R.Civ.P. 56(c); *Higgins v. Salt Lake County,* 855 P.2d 231, 235 (Utah 1993). Because we resolve only legal issues on appeal from a summary judgment, we do not defer to the trial court's rulings. *Ferree v. State,* 784 P.2d 149, 151 (Utah 1989); *accord Higgins,* 855 P.2d at 235. "We determine only whether the trial court erred in applying the governing law and whether the trial court correctly held that there were no disputed issues of material fact." *Ferree,* 784 P.2d at 151 (citing *Bushnell Real Estate, Inc. v. Nielson,* 672 P.2d 746, 749 (Utah 1983); *Bowen v. Riverton City,* 656 P.2d 434, 436 (Utah 1982)).

"Summary judgment allows the parties to pierce the pleadings to determine whether a material issue of fact exists that must be resolved by the fact finder." *Lamb v. B & B Amusements Corp.,* 869 P.2d 926, 928 (Utah 1993) (citing *Reagan Outdoor Advertising, Inc. v. Lundgren,* 692 P.2d 776, 779 (Utah 1984); *Webster v. Sill,* 675 P.2d 1170, 1172 (Utah 1983)). In accordance with this rule, "[t]he party moving for summary judgment must establish a right to judgment based on

6. Utah Rule of Civil Procedure 52(a) provides, with our emphasis:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon.... Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous.... The trial court need not enter findings of fact and conclusions of law in ruling on motions, except as provided in Rule 41(b). *The court shall, however, issue a brief written statement of the ground for its decision on all motions granted under Rules 12(b), 50(a)*

*and (b), 56, and 59 when the motion is based on more than one ground.*

7. We do, however, "take this opportunity to remind trial judges that the presumption of correctness ordinarily afforded trial court rulings 'has little operative effect when members of this court cannot divine the trial court's reasoning because of the cryptic nature of its ruling.'" *Retherford v. AT & T Communications of the Mountain States, Inc.,* 844 P.2d 949, 958 n. 4 (Utah 1992) (quoting *Allen v. Prudential Property & Casualty Ins. Co.,* 839 P.2d 798, 800 (Utah 1992)).

the applicable law as applied to an undisputed material issue of fact. *A party opposing the motion is required only to show that there is a material issue of fact." Id.* (emphasis added) (citations omitted). Moreover, as to questions concerning material issues of fact, "[a]ffidavits and depositions submitted in support of and in opposition to a motion for summary judgment may be used only to determine whether a material issue of fact exists, not to determine whether one party's case is less persuasive than another's or is not likely to succeed in a trial on the merits." *Id.* Accordingly, "[b]ecause this is an appeal from a summary judgment, we review the factual submissions to the trial court in a light most favorable to finding a material issue of fact." *Versluis v. Guaranty Nat'l Cos.,* 842 P.2d 865, 867 (Utah 1992) (citing *King v. Searle Pharmaceuticals, Inc.,* 832 P.2d 858 (Utah 1992)). "A genuine issue of fact exists where, on the basis of the facts in the record, reasonable minds could differ" on any material issue. *Jackson v. Dabney,* 645 P.2d 613, 615 (Utah 1982).

 Applying these principles to the case at bar, we conclude that material issues of fact remain that require reversal and remand of this case. At the time of plaintiffs' motion for reconsideration before Judge Rokich, the record included plaintiffs' complaint and the affidavits supporting their motion.[8] Plaintiffs' complaint alleged in pertinent part:

10. It was agreed between the sellers and the purchasers that all insurance written through the Shields Agency prior to December of 1988 would be changed to show Shepherd as the agent of record and all insurance written by the Shields Defendants after December of 1988 would be written through Shepherd.

Plaintiffs' affidavits in support of their motion for reconsideration, one by William Schmitt, a former employee of both RSI and Shields Insurance, Inc., and one by Ron Shepherd, both alleged the existence of an oral agreement between Ron Shepherd and the Shieldses that RSI would assume Insurance, Inc.'s rights and responsibilities under the written agreement between Insurance, Inc., and Shields Insurance, Inc. Specifically, Schmitt's affidavit stated in pertinent part:

4. During the latter part of the month of December 1988, [Schmitt] was present when Jeffrey Shields and William Scott Shields told William Gerald Shields that if the sale of the Shields Agency was to be completed, it would have to be done through [RSI], not Insurance Inc.

5. [Schmitt] and all other salaried employees of the Shields Agency received their pay checks covering the period December 15 through 31, 1988 from [RSI].

6. On or about January 15, 1989, [Schmitt] and all other employees of the Shields Insurance Agency moved to ... the insurance offices of [RSI].

7. Effective December 31, 1988, [Schmitt] and all other salaried employees who worked for the Shields Agency became employees of [RSI] and received their payroll checks from the said [RSI] thereafter.

Ron Shepherd's affidavit stated in pertinent part:

7. Immediately after the Sales Agreement [between Shields Insurance, Inc., and Insurance, Inc.,] was signed, [Shepherd] contacted all insurance carriers with whom [Shepherd] and the Shields defendants would be placing insurance to obtain an appointment of Insurance Inc. as an insurance agency.

8. [Shepherd] soon found that at December of 1988, no major insurance carriers were appointing new agents, therefore, no insurance could be written by Insurance Inc.

9. This fact was disclosed by [Shepherd] to the Shields defendants just prior

---

8. As we have already stated, plaintiffs' motion was premature because Judge Lewis's ruling had not been reduced to a written judgment. It therefore follows that the affidavits were of no force or effect in connection with that premature motion. However, when the case was later assigned to Judge Rokich and he conducted his hearing, which was in essence a reargument of the motion for summary judgment, it was within his discretion to consider the affidavits in connection with that motion, especially because defendants did not move to strike them as untimely filed or not otherwise properly before the court.

to Christmas of 1988, whereupon, all parties agreed that the purchaser of the Shields Agency would have to be changed from Insurance Inc.

10. For the reasons stated above, the Sales Agreement was orally modified at that time by all of the parties; however, the written agreement between the parties was not changed and signed by the parties.

11. The oral agreement reached by the parties just prior to Christmas of 1988, was implemented on a day to day basis; all insurance written by the Shields defendants was written through [RSI] as agency of record and no insurance was written through Insurance Inc.

12. The agreement that the buy out would be by [RSI] was made by all the parties prior to the time that the Shields defendants accepted money from [Shepherd] to pay their bills and prior to the time that the Shields defendants moved their offices into the offices of [RSI]. . . .

Defendants did not file countering affidavits in response to plaintiffs' affidavits.[9]

The allegations in plaintiffs' complaint, along with plaintiffs' affidavits, are clearly sufficient to raise questions of material fact concerning the existence of the oral agreement between the parties and, if it did exist, whether the alleged oral agreement was actually a modification of the prior written agreement or was a new contract between Ron Shepherd and the Shieldses that simply embraced the same terms as the written agreement between Insurance, Inc., and Shields Insurance, Inc.[10] Additional material issues of fact exist concerning the actual parties who entered the oral agreement, that is, whether the Shieldses and Shepherd entered the oral agreement as individuals or on behalf of Shields Insurance, Inc., and Insurance, Inc., respectively, and if they entered the oral agreement on behalf of the two corporations, whether such could be done in

light of the language of the written agreement. Accordingly, we conclude that issues of material fact remain that preclude an award of summary judgment in the present case.

## CONCLUSION

Based on the foregoing, the trial court's order and judgment denying plaintiffs' motion for reconsideration and granting judgment in favor of defendants is reversed and remanded for further proceedings consistent with this opinion.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and DURHAM, JJ., concur.

---

9. We note that even if countering affidavits had been filed, it would not change the outcome of this case because the existence of countering affidavits would plainly indicate that issues of material fact were in dispute.

10. The record also reveals inconsistencies as to whether Shields Insurance, Inc., is actually a corporation. In the December 1988 written agreement and throughout the early part of the proceedings below, it is referred to as Shields Insurance, Inc. Later, Shields Insurance, Inc., is changed to simply the Shields Agency. This matter should also be addressed on remand.