2000 UT App 338

**BONNEVILLE BILLING & COLLECTION, Plaintiff and Appellant,**

v.

**Chris M. TORRES, Defendant and Appellee.**

**No. 20000254–CA.**

Court of Appeals of Utah.

Nov. 30, 2000.

---

Ted K. Godfrey, Ogden, for Appellant.

Chris M. Torres, Riverton, Appellee Pro Se.

Before Judges GREENWOOD, BILLINGS, and ORME.

OPINION

PER CURIAM:

¶ 1 Appellant Bonneville Billing & Collection appeals the denial of a motion to reconsider a default judgment rendered in its favor, but for less than the amount requested in the complaint. This case is before the court on a sua sponte motion for summary disposition. We dismiss the appeal.

¶ 2 The trial court entered judgment on December 14, 1999. On January 24, 2000, Bonneville filed a "Motion to Reconsider." The motion was served on January 19, 2000. The trial court denied the motion on February 22, 2000. On March 22, 2000, Bonneville filed a notice of appeal.

¶ 3 Bonneville contends that an appeal may be taken from the denial of its motion to reconsider, contending this is the only means to present the issues for appeal. However, the issues should have been raised in a timely motion to alter or amend the judgment under Rule 59(e) of the Utah Rules of Civil Procedure or in a timely motion to amend the trial court's findings under Rule 52(b) of the Utah Rules of Civil Procedure. Even if the motion to reconsider were construed as such a motion, it was not timely under either rule and could not operate to extend the time for appeal under Rule 4(b) of the Utah Rules of Appellate Procedure.

¶ 4 A motion to reconsider is not recognized under the Utah Rules of Civil Procedure. *See Ron Shepherd Ins., Inc. v. Shields*, 882 P.2d 650, 653 n. 4 (Utah 1994) (Utah courts have "consistently held that our rules of civil procedure do not provide for a motion for reconsideration of a trial court's order or judgment"). We may, however, construe a motion to reconsider according to its substance. "[R]egardless of its caption, 'a motion filed within ten days of the entry of judgment that questions the correctness of

the court's findings and conclusions is properly treated as a post-judgment motion under either Rules 52(b) or 59(e).'" *Reeves v. Steinfeldt,* 915 P.2d 1073, 1076 (Utah Ct.App. 1996) citing *DeBry v. Fidelity Nat'l Title Ins. Co.,* 828 P.2d 520, 522–23 (Utah Ct.App. 1992); *see also Watkiss & Campbell v. Foa & Son,* 808 P.2d 1061, 1064–65 (Utah 1991) concluding motion improperly labeled as one for reconsideration that is, in effect a motion for new trial, extends the time for appeal under Rule 4(b). The time for appeal is extended only if the motion can be construed as a timely motion of a type enumerated in Rule 4(b) of the Utah Rules of Appellate Procedure. Rule 59(e) requires a motion to alter or amend the judgment to be served not later than ten days after entry of judgment. *See* Utah R.Civ.P. 59(e). A Rule 52(b) motion to amend the trial court's findings must be filed in the trial court within the same time period. *See* Utah R.Civ.P. 52(b). The judgment was entered on December 14, 1999, and the period for filing post-judgment motions expired on December 28, 1999. The motion to reconsider was not filed until nearly a month later.

¶ 5 Bonneville claims that it should be allowed to appeal from the denial of its motion to reconsider based solely upon the importance of the issues presented, but does not address the jurisdictional issues raised in this court's sua sponte motion. Bonneville had the opportunity to file a timely post-judgment motion raising the issues, but failed to do so. It cannot not revive its right to appeal by a motion to reconsider filed after the expiration of both the time for post-judgment motions under Rules 59(e) or 52(b) and the time for direct appeal.

¶ 6 We dismiss the appeal for lack of jurisdiction.