2006 UT App 454

**Robert RADAKOVICH, individually; and Robert Radakovich and Ellen R. Radakovich, Trustees of the Robert Radakovich Marital and Family Trust, Plaintiffs and Appellees,**

v.

**Mattie CORNABY and Al Cornaby, individuals; and Jay Barney Cornaby, Dale Barney, Gaylene C. Rosenthal, and Albert Cornaby, Trustees of the William Argyle Cornaby Trust and Mattie Cornaby Trust, Defendants and Appellants.**

**No. 20050911–CA.**

Court of Appeals of Utah.

Nov. 9, 2006.

Rehearing Denied Dec. 27, 2007.

employee and the third-party beneficiary.

D. Scott Crook and Scott M. Ellsworth, Smith Hartvigsen PLLC, Salt Lake City, and David Maddox, South Jordan, for Appellants.

John H. Romney, Jeffs & Jeffs, Provo, for Appellees.

Before Judges DAVIS, McHUGH, and THORNE.

## OPINION

McHUGH, Judge:

¶ 1 Appellants Mattie Cornaby and Al Cornaby, the William Argyle Cornaby Trust, the Mattie Cornaby Trust, and trustees Jay Barney Cornaby, Dale Barney, Gaylene C. Rosenthal, and Albert Cornaby (collectively, the Cornabys), bring this appeal claiming that the trial court abused its discretion in denying their motion to reconsider the court's order granting summary judgment in favor of Appellees Robert Radakovich, the Robert Radakovich Marital and Family Trust, and trustees Robert Radakovich and Ellen R. Radakovich (collectively, the Radakoviches). We affirm in part, reverse in part, and remand for the entry of an order consistent with this opinion.

## BACKGROUND

¶ 2 The Radakoviches filed an action in May 2002, seeking to enforce a sixty-foot right-of-way across property owned by the Cornabys. The trial court heard argument on the parties' cross-motions for summary judgment and, on February 24, 2005, entered an order granting judgment in favor of the Radakoviches. On March 14, 2005, the Cornabys filed a motion to clarify or reconsider. The Cornabys did not file a notice of appeal within thirty days of the entry of the February 24, 2005 order granting summary judgment in favor of the Radakoviches.[1] The trial court entered a ruling denying the mo-

---

1. The Cornabys likewise did not file the motion to reconsider within ten days of the summary judgment order as required by Utah Rules of Civil Procedure 50, 52, and 59. See Utah R. Civ. P. 50(b) (stating that a motion for judgment notwithstanding the verdict must be filed within ten days); *id.* 52(b) (stating that a motion to amend findings must be filed within ten days); *id.* 59(e) (providing that a motion to alter or amend judgment must be filed within ten days). Therefore, the motion to reconsider could not extend the time for filing an appeal. *See* Utah R.App. P. 4(b) (listing certain postjudgment motions that, if timely filed, toll the time for filing an appeal).

tion to reconsider on August 31, 2005, and the Cornabys filed this appeal on September 27, 2005.[2]

## ISSUE AND STANDARD OF REVIEW

¶ 3 At issue in this case is whether the trial court erred by failing to grant the Cornabys' motion to reconsider. To the extent that postjudgment motions to reconsider continue to be valid for any purpose, "[w]e review the trial court's denial of a motion to reconsider summary judgment under rule 60(b) of the Utah Rules of Civil Procedure for abuse of discretion. In reviewing such a motion, we accord no deference to the trial court's conclusions of law but review them for correctness." *Lund v. Hall*, 938 P.2d 285, 287 (Utah 1997) (citation omitted).

## ANALYSIS

¶ 4 Although the Cornabys did not file a timely notice of appeal from the entry of judgment in favor of the Radakoviches, they assert they may appeal the trial court's denial of the motion to reconsider as if it were filed as a motion for relief from judgment. *See* Utah R. Civ. P. 60(b) (providing circumstances under which the court may relieve a party of a final judgment).

### I. Motions to Reconsider

¶ 5 In a recent decision, the Utah Supreme Court eliminated any remaining doubt about the practice of filing motions to reconsider, stating:

The filing of postjudgment motions to reconsider has become a common litigation practice, notwithstanding the Utah Rules of Civil Procedure's failure to authorize it and our previous attempts to discourage it. In this opinion, we consider whether this practice tolls the time for filing a notice of appeal. We answer this question by absolutely rejecting the practice of filing postjudgment motions to reconsider. We also warn that future filings of postjudgment motions to reconsider will not toll the time

for appeal and therefore may subject attorneys to malpractice claims.

*Gillett v. Price*, 2006 UT 24, ¶ 1, 135 P.3d 861. As the court noted, "postjudgment motions to reconsider are not recognized anywhere in either the Utah Rules of Appellate Procedure or the Utah Rules of Civil Procedure." *Id.* at ¶ 6. Consequently, they will no longer be recognized by this court.

¶ 6 Because such motions were filed with some regularity, the appellate courts of this state adopted the practice of treating motions to reconsider as if they were filed under a valid procedural rule based upon the substance of the motion. *See id.* at ¶ 8; *Watkiss & Campbell v. Foa & Son*, 808 P.2d 1061, 1064–65 (Utah 1991); *Bonneville Billing & Collection v. Torres*, 2000 UT App 338, ¶ 4, 15 P.3d 112. In *Gillett*, the Utah Supreme Court put an end to this practice:

In our system, the rules provide the source of available relief. They [are] designed to provide a pattern of regularity of procedure which the parties and the courts [can] follow and rely upon. Accordingly, the form of a motion does matter because it directs the court and litigants to the specific, and available, relief sought. *Hereafter, when a party seeks relief from a judgment, it must turn to the rules to determine whether relief exists, and if so, direct the court to the specific relief available. Parties can no longer leave this task to the court by filing so-called motions to reconsider and relying upon district courts to construe the motions within the rules.*

2006 UT 24 at ¶ 8, 135 P.3d 861 (emphasis added) (alterations in original) (quotations and citations omitted). Consistent with the *Gillett* decision, we will no longer attempt to determine what type of motion a party meant to file when it proceeded under the misnomer of a motion to reconsider.

¶ 7 In the case before us, the Cornabys filed their motion to reconsider before

---

2. The Radakoviches filed a motion for summary disposition of the appeal on the grounds that it was untimely. This court entered an order on November 29, 2005, denying the motion for summary disposition, but limiting the issue on appeal to whether the trial court abused its discretion in denying the motion to reconsider. Because the notice of appeal was not filed within thirty days of the order granting summary judgment, the Cornabys waived any challenge to that order.

the opinion in *Gillett* was issued.[3] Because we view that case as rejecting motions to reconsider prospectively from the date of the decision,[4] we will consider the Cornabys' argument that the motion to reconsider was actually a rule 60(b) motion, *see* Utah R. Civ. P. 60(b), and that the trial court abused its discretion in denying the motion.

## II. Motion for Relief From Judgment or Order

¶ 8 The Cornabys contend the motion to reconsider was in substance a motion for relief from judgment under rule 60(b) of the Utah Rules of Civil Procedure. That rule provides, in relevant part:

> On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [r]ule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time and for reasons (1), (2), or (3), not more than 3 months after the judgment, order, or proceeding was entered or taken.

*Id.* The Cornabys claim that they were entitled to relief under rule 60(b)(1) because the trial court made a "mistake" when it failed to define the exact boundaries of the sixty-foot right-of-way in favor of the Radakoviches on the Cornaby property. We hold that the trial court did not abuse its discretion in refusing to modify its order to identify the precise boundaries of the right-of-way. However, as explained below, we hold that the trial court's order should be modified to allow the Cornabys, as owners of the servient estate, the first opportunity to set the exact boundaries of the right-of-way.

¶ 9 The order granting the Radakoviches' motion for summary judgment provides:

> The right of way which now exists and has existed for many years, and which provides access to the [Radakoviches'] property over the [Cornabys'] property, is confirmed as and shall be sixty feet wide throughout its length; [the Radakoviches] are entitled to construct fences marking the sixty foot wide right of way from the entrance of the right of way to the point at which it accesses [the Radakoviches'] property.

Thus, the location of the easement was set by the trial court to run from the entrance of the existing right-of-way to the border of the Radakovich property. The court also found that the right-of-way is sixty feet wide throughout its length. Because the trial court did not decide precisely where the side boundaries establishing the width would be, the Cornabys claim they are entitled to a modified order under rule 60(b). Although the trial court was not required to set precise boundaries establishing the width of the right-of-way, we nonetheless reverse the denial of the motion because the trial court erred by ordering the Radakoviches, owners of the dominant estate, to mark the precise location of the easement.

¶ 10 In *Evans v. Board of County Commissioners*, 2005 UT 74, 123 P.3d 432, the Utah Supreme Court ruled that "[a]lthough certainly desirable in most instances, language fixing the location of an easement is not always necessary when other terms of the easement safeguard the servient estate from the risk that its burden may be greater than that for which it bargained." *Id.* at

---

3. The Cornabys filed their motion to reconsider on March 14, 2005, and the Utah Supreme Court issued *Gillett v. Price*, 2006 UT 24, 135 P.3d 861, on April 28, 2006.

4. We rely on the supreme court's warning that "future filings" will not toll the time for appeal, *Gillett*, 2006 UT 24 at ¶ 1, 135 P.3d 861, and that "[h]ereafter" the party must identify the rule-sanctioned relief it seeks, *id.* at ¶ 8.

¶ 13. Here, the trial court set the location of the easement to the right-of-way's traditional location with the instruction that it be fenced at a width of sixty feet throughout its length. The trial court then ordered that "[the Radakoviches] are entitled to construct fences marking the sixty foot wide right of way from the entrance of the right of way to the point at which it accesses [the Radakoviches'] property." This procedure for setting the exact boundaries of the easement is inconsistent with that adopted by the Utah Supreme Court in *Evans:*

> "[T]he owner of the *servient* estate is entitled to designate a reasonable location for the easement. If the servient owner fails to make such a designation within a reasonable period, the easement holder may select a reasonable route. If the parties are unable to reach an agreement, a court may specify a location for the easement."

*Id.* at ¶ 21 (emphasis added) (quoting Jon W. Bruce & James W. Ely Jr., *The Law of Easements & Licenses in Land* ¶ 7.02[2][a] (rev. ed.2000)). The Cornabys, not the Radakoviches, are the owners of the servient estate and are best able to "safeguard the servient estate from the risk that its burden may be greater than that for which it bargained." *Id.* at ¶ 13.[5]

¶ 11 The trial court correctly identified the location of the easement as the path of the traditional right-of-way; however, under *Evans*, the trial court should have ordered that the Cornabys were entitled to designate the easement's location. *See id.* at ¶ 21. We therefore reverse the denial of the Cornabys' motion to reconsider and remand to the trial court for further entry of an order consistent with this decision. If the Cornabys fail to locate the easement within a reasonable time, the Radakoviches will be entitled to select the route for the right-of-way. *See id.* If no agreement is reached between the Radakoviches and the Cornabys concerning the precise boundaries of the easement, the trial court may specify the precise location of the easement. *See id.* Treating the Cornabys' motion as a motion for relief from judgment or order under rule 60(b), *see* Utah R. Civ. P. 60(b), the trial court did not abuse its discretion in failing to set the exact boundaries of the easement. However, its order should be corrected to allow the Cornabys, as opposed to the Radakoviches, the first opportunity to do so.

### III. Attorney Fees

¶ 12 The Radakoviches claim that they are entitled to attorney fees for this appeal because it is "frivolous and not warranted in law." Although we disagree with some of the Cornabys' arguments, we hold that the trial court abused its discretion in denying the motion to reconsider, if treated as a rule 60(b) motion, because the Cornabys, as owners of the servient estate, should have the first opportunity to set the easement's location. Therefore, we reject the Radakoviches' suggestion that the appeal is frivolous and deny the motion for attorney fees.

### CONCLUSION

¶ 13 Postjudgment motions to reconsider are not authorized by the Utah Rules of Civil Procedure or the Utah Rules of Appellate Procedure and will no longer be considered by this court. Indeed, for motions to reconsider filed after the Utah Supreme Court's decision in *Gillett*, we will not examine the substance of the motion to reconsider to ascertain what rule-approved relief may have been sought. Treating the present motion to reconsider as a motion under rule 60(b), we affirm the portion of the trial court's order confirming the easement's traditional location with the instruction that it be fenced at a width of sixty feet throughout its length. We reverse the portion of the order granting the Radakoviches the right to set the side boundaries of the right-of-way throughout its length and remand for entry of an order consistent with this opinion. Finally, the

---

5. In their brief, the Radakoviches acknowledge the rule in *Evans v. Board of County Commissioners*, 2005 UT 74, 123 P.3d 432, that the servient estate should be granted the first opportunity to select the location of the easement. *See id.* at ¶ 21. The Radakoviches state that they "would have no objection to [the Cornabys] locating the placement of fences marking the sixty foot wide right of way, as long as the fence locations were within the boundaries set by the [trial court's] [o]rder."

Radakoviches' motion for attorney fees is denied.

¶ 14 Affirmed in part and reversed in part.

¶ 15 I CONCUR: JAMES Z. DAVIS, Judge.

THORNE, Judge (dissenting):

¶ 16 I respectfully dissent from the majority opinion's decision to address the merits of the Cornabys' appeal under rule 60(b) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 60(b). For the reasons expressed in *Gillett v. Price*, 2006 UT 24, 135 P.3d 861, I would treat the Cornabys' motion to reconsider as a legal nullity, seeking no permitted relief and warranting no appellate review.

¶ 17 In *Gillett,* the supreme court "absolutely reject[ed] the practice of filing post-judgment motions to reconsider." *Id.* at ¶ 1. The court observed that "postjudgment motions to reconsider are not recognized anywhere in either the Utah Rules of Appellate Procedure or the Utah Rules of Civil Procedure," *id.* at ¶ 6, and that the use of such motions has been discouraged in previous decisions, *see id.* at ¶ 9; *Shipman v. Evans,* 2004 UT 44, ¶ 18 n. 5, 100 P.3d 1151; *Salt Lake Knee & Sports Rehab., Inc. v. Salt Lake City Knee & Sports Med.,* 909 P.2d 266, 269 n. 2 (Utah Ct.App.1995) ("Notwithstanding our conclusion, we are not approving the use of pleadings identified as something not provided for in the Utah Rules of Civil Procedure.").

¶ 18 As the *Gillett* court noted, Utah's appellate courts have, in the past, treated motions to reconsider as rule-sanctioned motions based on their substance. *See* 2006 UT 24 at ¶ 8, 135 P.3d 861. However, litigants have also long been on notice that reconsideration motions are unsupported under the rules and are disfavored by the courts. Under these circumstances, I do not believe that our prior practice of interpreting reconsideration motions to allow substantive review created any precedential right to receive such an interpretation. Rather, I view the practice as a gratuitous courtesy that was once extended, but is no longer appropriate under *Gillett.*

¶ 19 For these reasons, I would hold that the Cornabys' postjudgment motion to reconsider had no legal effect, that they failed to request relief under rule 60(b), and that they are therefore not entitled to such relief. I would affirm the judgment of the trial court on this basis without further analysis.