2011 UT App 159

**John M. DURAN, Plaintiff and Appellant,**

v.

**Abdul M. BAKSH and Meredith John, Defendants and Appellees.**

**No. 20101051–CA.**

Court of Appeals of Utah.

May 12, 2011.

John M. Duran, Kearns, Appellant Pro Se.

Mark L. Shurtleff and Peggy E. Stone, Salt Lake City, for Appellees.

Before Judges DAVIS, McHUGH, and THORNE.

## DECISION

PER CURIAM:

¶ 1 This appeal is before the court on Appellees' Motion for Summary Disposition, the court's Sua Sponte Motion for Summary Disposition, and Appellant's Motion to Strike Appellees' motion for summary disposition. Appellees (the State Defendants) move to dismiss the appeal for lack of jurisdiction because it was not timely filed after the entry of the final appealable order dismissing Appellant John M. Duran's complaint. We deny the motion to strike and grant the State Defendants' motion for summary disposition, making it unnecessary to consider the sua sponte motion.

¶ 2 The State Defendants moved to dismiss Duran's complaint for lack of jurisdiction based upon his failure to comply with the notice of claim provisions of the Utah Governmental Immunity Act. On April 22, 2010, the district court announced its decision to grant the State Defendants' motion to dismiss in an unsigned minute entry. The minute entry directed counsel for the State De-

fendants to prepare a final order, which counsel served upon Duran on April 29, 2010. On May 4, 2010, Duran filed "a motion for relief from judgment or order of dismissal and for reconsideration." On May 11, 2010, Duran filed an objection to the proposed final order and a supplemental memorandum in support of his motion for relief from judgment and for reconsideration. The State Defendants opposed that motion as merely reasserting the same arguments Duran asserted in opposition to the motion to dismiss. On May 26, 2010, the district court entered its Ruling and Order of Dismissal with Prejudice. Duran did not file a timely notice of appeal.

¶ 3 In June 2010, Duran submitted his motion for relief from judgment and for reconsideration to the district court for a decision. On December 13, 2010, the district court entered a minute entry, which stated,

> This matter is before the Court on [Duran's] Motion for Relief from Judgment or Order of Dismissal and for Reconsideration filed on May 4, 2010. The Court has reviewed all filings pertinent to this motion. A Request to Submit for Decision was filed in this case on June 2, 2010, but it was just provided to the court [on] December 6, 2010. This confusion may have been created by the fact that the court entered an order dismissing [Duran's] complaint with prejudice on May 26, 2010. Since the instant motion only addresses matters previously decided by the Court in its Ruling filed on May 26, 2010, it is denied.

¶ 4 Rule 60(b) of the Utah Rules of Civil Procedure allows a party to file a motion for relief "from a final judgment, order, or proceeding." The April 22, 2010 unsigned minute entry announcing the decision of the court but directing the entry of a further order, was not a final judgment. *See* Utah R. Civ. P. 54(b) (stating that an interlocutory ruling is "subject to revision at any time before the entry of a judgment adjudicating all the claims and the rights and liabilities of all the parties"). Because Duran's motion for relief from judgment and for reconsideration was filed prior to the entry of a final judgment, it was not an appropriate rule 60(b) motion and was instead a prejudgment motion seeking reconsideration.

¶ 5 The State Defendants argue that Duran's prejudgment motion for reconsideration was necessarily denied when the district court entered the order of dismissal. In *Ron Shepherd Insurance, Inc. v. Shields*, 882 P.2d 650 (Utah 1994), the Utah Supreme Court held that a motion to reconsider filed after an unsigned minute entry but before a final judgment was not a postjudgment motion, but was rather a reargument that the district court was free to consider at any time before entering the final judgment. *See id.* at 653–54; *see also Gillett v. Price*, 135 P.3d 861, ¶ 7 n. 2 (Utah 2006) (stating that a motion to alter or amend a judgment filed before entry of a final judgment was arguably a prejudgment motion to reconsider).

¶ 6 When Duran filed a motion seeking reconsideration of the ruling announced in the April 22, 2010 minute entry, the district court had not entered a final judgment and was "free to reassess its decision at any point prior to entry of a final order or judgment." *See Ron Shepherd Ins.*, 882 P.2d at 654. It follows that the dismissal of the case with prejudice in the May 26, 2010 Ruling and Order of Dismissal with Prejudice also disposed of the prejudgment motion to reconsider. This is also reflected in the district court's December 2010 minute entry, which stated that all issues raised in the motion had been decided by the court in its May 26, 2010 order. Accordingly, the time for appeal from the final judgment dismissing the complaint with prejudice and disposing of the prejudgment motion to reconsider commenced to run on May 26, 2010. Because Duran did not file a timely appeal from that order, we lack jurisdiction to consider Duran's appeal. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989) ("Once a court has determined that it lacks jurisdiction, it retains only the authority to dismiss the action."). Accordingly, we dismiss the appeal for lack of jurisdiction.