2011 UT App 388

**Patrick HORGAN, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

No. 20110676–CA.

Court of Appeals of Utah.

Nov. 10, 2011.

Patrick Horgan, Salt Lake City, Appellant Pro Se.

Brock R. Belnap and Zachary J. Weiland, St. George, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Patrick Horgan seeks to appeal the minute entry denying his petition to expunge his criminal record. This is before the court

---

on its own motion for summary disposition based on lack of jurisdiction due to the absence of a final order.

¶ 2 Generally, appeals may be taken only from final orders. *See* Utah R.App. P. 3(a). Unsigned minute entries are not final orders for purposes of appeal. *See Ron Shepherd Ins. v. Shields*, 882 P.2d 650, 653 (Utah 1994). Pursuant to rule 7(f)(2) of the Utah Rules of Civil Procedure, unless the trial court approves an order submitted with a motion or otherwise directs that no further order is necessary, the prevailing party must formalize any decision by the trial court in a proposed order. *See* Utah R. Civ. P. 7(f)(2); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶¶ 27–28, 201 P.3d 966. Although Appellee was the sole party present at the expungement hearing, opposed the petition, and prevailed on the matter, no order was submitted to the trial court.[1]

¶ 3 If the prevailing party fails to provide an order, the nonprevailing party may do so to perfect the right to appeal a decision. *See Giusti*, 2009 UT 2, ¶ 28, 201 P.3d 966. Horgan has attempted to file an order but has not complied with the general requirements.[2] As a result, no proposed final order has yet been properly filed in the trial court. If neither party submits an order, "the appeal rights of the nonprevailing party will extend indefinitely" because the appeal time will not be triggered by the entry of a final order under the rule. *Id.* ¶ 35.

¶ 4 The trial court announced its decision denying Horgan's petition for expungement in an unsigned minute entry. There has been no final order entered for purposes of appeal. *See id.* Where an appeal is not properly taken, this court lacks jurisdiction

and must dismiss it. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649.

¶ 5 Accordingly, this appeal is dismissed without prejudice to the filing of a timely notice of appeal after the entry of a final order.[3]

---

1. Even after being notified that the lack of a formal order was a jurisdictional defect, Appellee made no indication that it intended to file an order.

2. Pursuant to rule 7(f)(2) of the Utah Rules of Civil Procedure, a proposed order must be served on the opposing party, who may object to the proposed order within five days. Then, "[t]he party preparing the order shall file the proposed order [with the trial court] upon being served with an objection or upon expiration of the time to object." Utah R. Civ. P. 7(f)(2).

3. Within this same appeal, Horgan has filed a petition for a writ of mandamus, seeking to require the trial court to enter an order. Because this court lacks jurisdiction over this appeal, it has only the authority to dismiss it. *See Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989). Furthermore, Horgan has a plain, speedy, and adequate remedy other than a writ. He can submit a proposed order to the trial court after proper service on Appellee in accordance with the Utah Rules of Civil Procedure.